**Ronnie Wayne LONG, Appellant,**

v.

**The STATE of Texas, State.**

**No. 02–98–189–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 15, 1998.

Before CAYCE, C.J., and BRIGHAM and HOLMAN, JJ.

**OPINION**

BRIGHAM, Justice.

Appellant pleaded guilty to two counts of indecency with a child. Under a plea agreement with the State, the trial court deferred adjudicating appellant's guilt and placed him on five years of community supervision. Appellant timely perfected appeal from the order deferring adjudication of guilt.

Appellant's notice of appeal, however, is deficient in that it does not state that the trial court granted permission to challenge the voluntariness of his plea. *See* Tex.R.App. P. 25.2(b)(3). In a letter dated June 11, 1998,

this court asked appellant to show cause for continuing his appeal. Appellant responded that he intended to challenge the voluntariness of his plea and that, under this court's recent opinion in *Villanueva v. State*, 977 S.W.2d 693, 695–96 (Tex.App.—Fort Worth 1998, no pet.), he could still do so without trial court permission. Appellant misreads *Villanueva*.

In *Villanueva*, the appellant filed his notice of appeal under former rule 40(b)(1). *See id.*, at 694. In deciding whether injustice or infeasibility would occur by applying rule 25.2(b)(3),[1] we concluded that under rule 40(b)(1), an appellant was entitled to challenge the voluntariness of his plea with a general notice of appeal, *see Flowers v. State*, 935 S.W.2d 131, 134 (Tex.Crim.App.1996), and that under rule 25.2(b)(3), he cannot. *See Villanueva* at 694–96. Therefore, we held that applying the new rule would work injustice to appellant because it would deprive him of the opportunity of challenging the voluntariness of his plea. *See id.*

The distinction between *Villanueva* and the present case is the timing of filing of the notice of appeal. Because appellant in this case filed his notice of appeal under the new rule, we do not have the option of applying the former rule.[2] As we stated in *Villanueva*, the right to appeal from a valid plea bargain agreement is jurisdictionally limited by rule 25.2(b)(3). *See* Tex.R.App. P. 25.2(b)(3). Under that rule, an appellant's notice of appeal must either specify that the appeal is from a jurisdictional defect, specify that the substance of the appeal was raised by written motion and ruled on before trial, or state that the trial court granted permission to appeal. *See id; Villanueva* at 695.

Because appellant's sentence did not exceed that to which he agreed and because he filed a general notice of appeal, we are without jurisdiction. Accordingly, we dismiss for want of jurisdiction. *See Villanueva* at 695–96.

---

1. *See* Court of Criminal Appeals Final Approval, 60 Tex. B.J. 876 (Tex.Crim.App. Aug. 1997).

2. *See supra* note 1.