Billy DeWayne LOWE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–98–00047–CR to 05–98–00050–CR, 05–98–00091–CR and 05–98–00092–CR.

Court of Appeals of Texas, Dallas.

May 25, 1999.

John H. Hagler, Dallas, Billy Dewayne Lowe, Brownfield, for Appellant.

Kenneth Jefferson Bray, Asst. Dist. Atty., Dallas, for State.

Before Justices OVARD, JAMES, and BRIDGES.

## OPINION

TOM JAMES, Justice.

On August 15, 1997, Billy DeWayne Lowe entered non-negotiated guilty pleas to the offenses of burglary of a habitation (05–98–00047–CR and 05–98–00048–CR), evading arrest by using a motor vehicle (05–98–00049–CR), and unlawful use of a motor vehicle (05–98–00050–CR). Appellant also pleaded true to two enhancement paragraphs in each case. The trial court deferred adjudication of guilt and placed appellant on ten years community supervision in each case. The State subsequently moved to proceed with adjudication of guilt. Appellant pleaded true to the allegations in the motions to proceed. On December 29, 1997, pursuant to plea bargain agreements, the trial court sentenced appellant to twenty-five years confinement in each burglary case and twenty years confinement in the evading arrest and unauthorized use of a motor vehicle cases.

On January 5, 1998, appellant pleaded guilty to the offenses of theft of property valued at $1,500 or more but less than $20,000 (05–98–00091–CR) and burglary of a building (05–98–00092–CR). Appellant also pleaded true to two enhancement paragraphs in each case. Pursuant to plea bargain agreements, the trial court sentenced appellant to fifteen years confinement and assessed $750 fines.

Appellant's attorney filed a brief in which he concludes that the appeals are wholly frivolous and without merit. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State,* 573 S.W.2d 807 (Tex.Crim. App.1978). Counsel delivered a copy of the brief to appellant. We advised appellant that he had a right to file a pro se response and ordered that the appellate record be made available to appellant. On January 28, 1999, appellant filed a pro se response in which he asserts grounds of alleged error contending counsel was ineffective because he: (1) did not file motions as requested; (2) had no interest in appellant's cases; (3) "contaminated [the] judges decision during [the] punishment phase by extraneous influences;" (4) did not meet with appellant and acquaint himself with the facts of the cases; and (5) coerced and unlawfully persuaded appellant to enter pleas.

■ To prevail on a claim of ineffective assistance of counsel, appellant must show: (1) counsel's representation fell below an objective standard of reasonableness; and (2) but for counsel's ineffectiveness, the result would have been different. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Strickland standard applies to ineffective assistance of counsel complaints at both the guilt-innocence and punishment phases of the proceedings. *Hernandez v. State,* 988 S.W.2d 770 (Tex.Crim. App.1999).

**Cause Nos. 05–98–00047–CR, 05–98–00048–CR, 05–98–00049–CR, and 05–98–00050–CR**

■ In these four cases, appellant appeals following the trial court's adjudica-

tion of guilt. Complaints one, two, four, and five relate to counsel's effectiveness in the hearing in which the trial court proceeded to adjudicate guilt. Such complaints cannot be raised. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.1999); *Connolly v. State*, 983 S.W.2d 738, 741 (Tex.Crim.App.1999); *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992); *Olowosuko v. State*, 826 S.W.2d 940, 941–42 (Tex.Crim.App.1992); *Gareau v. State*, 923 S.W.2d 252, 252–53 (Tex.App.-Fort Worth 1996, no pet.) Therefore, appellant has not raised arguable grounds of error.

■ In his third complaint, appellant contends counsel "contaminated [the judge's] decision during [the] punishment phase by extraneous influences." Specifically, appellant complains that trial counsel, after the judge had pronounced sentence of ten years, corrected the judge by asking if it was supposed to be twenty years. Assuming we have jurisdiction to address this complaint,[1] we conclude the complaint is without merit. Appellant pleaded true pursuant to plea bargain agreements that called for sentences of twenty years and twenty-five years confinement. The trial court incorrectly recited the conditions of the plea bargain agreements. The fact that counsel drew the court's attention to the mistake is not an improper influence. We conclude appellant has not shown counsel's actions fell below an objective standard of reasonableness and, thus, appellant does not raise an arguable ground of error.

1. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.1999); *cf. Feagin v. State*, 967 S.W.2d 417 (Tex.Crim.App.1998); *Ex parte Howard*, 685 S.W.2d 672 (Tex.Crim. App.1985).

2. *See Flowers v. State*, 935 S.W.2d 131, 134 (Tex.Crim.App.1996) (per curiam) (holding under former rule 40(b)(1) appellate court has jurisdiction to address voluntariness complaint despite general notice of appeal); *Moore v. State*, No. 14–97–00920–CR, 1999

**Cause Nos. 05–98–00091–CR
and 05–98–00092–CR**

■ In these cases, appellant pleaded guilty pursuant to plea bargain agreements. The trial court sentenced appellant in accordance with the agreements. Thus, appellant's notice of appeal must comply with the extra-notice requirements of rule 25.2(b)(3) of the Texas Rules of Appellate Procedure. *See* TEX.R.APP. P. 25.2(b)(3). Because appellant's notices of appeal do not contain the extra-notice requirements, he filed only general notices of appeal. *See Lyon v. State*, 872 S.W.2d 732, 736 (Tex.Crim.App.), *cert. denied*, 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); *Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App.1994). Accordingly, we conclude we do not have jurisdiction to address appellant's first four complaints regarding counsel's effectiveness. *See Lyon*, 872 S.W.2d at 736; *Davis*, 870 S.W.2d at 46. Thus, appellant has not raised arguable grounds of error in these complaints.

■ Appellant's fifth complaint essentially challenges the voluntariness of his guilty pleas.[2] Assuming we have jurisdiction to address the complaint, we conclude it is without merit. Complaints of ineffective assistance of counsel must be supported by the record. *See Jackson v. State*, 877 S.W.2d 768, 771–72 (Tex.Crim. App.1994); *Johnson v. State*, 691 S.W.2d 619, 626–27 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 152 (1985). Nothing in this record shows what advice, if any, counsel gave appellant or that counsel in any way influenced appellant's decision to plead guilty.

WL 33653, —— S.W.2d —— (Tex.App.-Houston [14th Dist.] Jan. 28, 1999, no pet.) (holding *Flowers* applies to rule 25.2(b)(3)); *Johnson v. State*, 978 S.W.2d 744 (Tex.App.-Eastland 1998, no pet.) (same); *Session v. State*, 978 S.W.2d 289 (Tex.App.-Texarkana 1998, no pet.) (same); *Elizondo v. State*, 979 S.W.2d 823 (Tex.App.-Waco 1998, no pet.) (same); *Long v. State*, 980 S.W.2d 878 (Tex. App.-Fort Worth 1998, no pet.) (same); *Villanueva v. State*, 977 S.W.2d 693 (Tex. App.-Fort Worth 1998, no pet.) (same).

Thus, appellant has not raised an arguable ground of error.

We have reviewed the record and appellant's pro se response to appellate counsel's brief. We agree with appellate counsel that the appeals are frivolous and without merit. Appellant's pro se response to appellate counsel's motion to withdraw and the brief in support of the motion does not raise an arguable point of error, and our review of the record reveals none.

We note that the trial court's judgment in number 05–98–00091–CR recites "a fine of—*0*—," whereas the trial court orally pronounced a $750 fine. Because the judgment does not reflect the trial court's orally pronounced sentence, we modify the judgment to reflect "a fine of $750.00." *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex.App.Dallas 1991, pet. ref'd).

We affirm the trial court's judgments in cause numbers 05–98–00047–CR, 05–98–00048–CR, 05–98–00049–CR, 05–98–00050–CR, and 05–98–00092–CR. As modified, we affirm the trial court's judgment in cause number 05–98–00091–CR.