NUMBER 13-99-00153-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JAMES ODELL MARSHALL, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 347th District Court


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Justice Yañez




 Pursuant to a plea bargain agreement, James Odell Marshall
pleaded guilty to the offense of murder(1) and was sentenced to life in the
Institutional Division of the Texas Department of Criminal Justice. By
a single issue, he contends he was denied effective assistance of
counsel, and that the lack of effective assistance rendered his plea
involuntary. We affirm.

 Jurisdiction

 Before reaching the merits of this case, we address the State's
contention that this Court lacks jurisdiction to consider this appeal. 
Because Marshall appeals from a judgment rendered on a plea of guilty
pursuant to a plea bargain, and the punishment assessed was within
the range agreed to by the prosecutor and the defendant, we must
consider the threshold issue of whether Marshall's general notice of
appeal is sufficient to confer jurisdiction on this Court.

 Texas Rule of Appellate Procedure 25.2(b)(3) limits our jurisdiction
over appeals from plea-bargained convictions. The rule provides, in
relevant part:[I]f the appeal is from a judgment rendered on the
defendant's plea of guilty or nolo contendere. . . the notice
must:


(A) specify that the appeal is for a jurisdictional defect [new];

(B) specify that the substance of the appeal was raised by
written motion and ruled on before trial [same as old rule];
or

(C) state that the trial court granted permission to appeal
[same as old rule].


See Tex. R. App. P. 25.2(b)(3). Rule 25.2(b)(3) replaces former rule
40(b)(1),(2) which provided:

[I]n order to prosecute an appeal for a nonjurisdictional
defect or error that occurred prior to entry of the plea the
notice shall state that the trial court granted permission to
appeal or shall specify that those matters were raised by
written motion ruled on before trial.


Under former rule 40(b)(1), a plea-bargaining defendant who failed to
comply with the notice requirements of the rule could nevertheless
challenge jurisdictional issues and the voluntariness of his plea. 
Flowers v. State, 935 S.W.2d 131, 132-34 (Tex. Crim. App. 1996). 

 The advent of rule 25.2(b)(3), however, sparked debate about
whether the appellate courts may still consider the voluntariness of a
plea when an appellant files only a general notice of appeal and thus,
fails to comply with the rule's extra-notice requirements. See Davis v.
State, 7 S.W.3d 695, 696 (Tex. App.--Houston [1st Dist.] 1999, pet.
ref'd) (noting split of authority in courts of appeals and citing cases).

 The overwhelming majority of Texas appellate courts that have
considered the issue have held that under Flowers, the right to
challenge the voluntariness of a plea can always be challenged on
appeal. See, e.g., Davis, 7 S.W.3d at 696; Moore v. State, 4 S.W.3d
269, 272 (Tex. App.--Houston [14th Dist.] 1999, no pet.); Lowe v. State,
997 S.W.2d 670, 672 n.2 (Tex. App.--Dallas 1999, no pet. h.); Minix v.
State, 990 S.W.2d 922, 923 (Tex. App.--Beaumont 1999, pet. ref'd);
Price v. State, 989 S.W.2d 435, 437-38 (Tex. App.--El Paso 1999, pet.
ref'd); Hernandez v. State, 986 S.W.2d 817, 820 (Tex. App.--Austin
1999, pet. ref'd); Luna v. State, 985 S.W.2d 128, 129-30 (Tex. App.--San Antonio 1998, pet. ref'd); Vidaurri v. State, 981 S.W.2d 478, 479
(Tex. App.--Amarillo 1998, pet. granted); Session v. State, 978 S.W.2d
289, 291-92 (Tex. App.--Texarkana 1998, no pet.); Johnson v. State,
978 S.W.2d 744, 745-46 (Tex. App.--Eastland 1998, no pet.).

 By contrast, the Fort Worth and Waco courts of appeal have held
that rule 25.2(b)(3) overrules Flowers. See Villanueva v. State, 977
S.W.2d 693, 695-96 (Tex. App.--Fort Worth 1998, no pet.); Long v.
State, 980 S.W.2d 878, 878 (Tex. App.--Fort Worth 1998, no pet.);
Elizondo v. State, 979 S.W.2d 823, 824 (Tex. App.--Waco 1998, no
pet.). The Fort Worth and Waco courts have concluded that under rule
25.2(b)(3), a defendant may challenge the voluntariness of his plea only
after obtaining the trial court's permission and specifying so in a notice
of appeal. See Villanueva, 977 S.W.2d at 696; Long, 980 S.W.2d at
878; Elizondo, 979 S.W.2d at 824. 

 The Villanueva and Elizondo courts have reasoned that the court
of criminal appeals was aware of the voluntariness exception
enunciated in Flowers, and by failing to specifically incorporate the
exception into the new rule, implicitly overruled Flowers. See
Villanueva, 977 S.W.2d at 693-95; Elizondo, 979 S.W.2d at 824. In
support, the Villanueva court relied on comments made by two court of
criminal appeals justices when the rule was initially proposed. The
court noted the justices' statements that the new rule precludes a
defendant from raising a complaint of involuntariness on appeal. See
Villanueva, 977 S.W.2d at 695 (quoting court of criminal appeals
Justices Baird and Overstreet in a "Statement Accompanying Approval
of Revisions" to the new rules). The Elizondo court also stated that
such a rule is desirable because the trial court is in a better position to
evaluate the voluntariness of the plea. Elizondo, 979 S.W.2d at 824. 

 We are persuaded by the reasoning of the majority of our sister
courts. In examining the text of both rules, we note the former rule is
extremely similar to the present rule. Despite speculation about
whether the court of criminal appeals intended to implicitly overrule
Flowers by promulgating the new rule,(3) the court has not addressed
whether Flowers applies to rule 25.2(b)(3). While rule 25.2(b)(3)
restructures the content of former rule 40(b)(1), the substantive
meaning of the rule remains, on its face, unchanged. The text of rule
25.2(b)(3) contains no statement that it is intended to overrule Flowers,
either in whole or in part. In light of the similarities between the old
and new rules, we conclude that the holding and rationale of Flowers
still applies.

 We find the reasoning of the Villanueva and Elizondo courts
unsound and unpersuasive. The Villanueva court notes that although
"the new rule covers generally the same subject matter" as the former
rule, its silence regarding voluntariness is significant. Villanueva, 977
S.W.2d at 695. The court concludes "[t]his omission . . .seems
intentional." Id. We conclude it is more persuasive to assume that the
court of criminal appeals, aware of Flowers, intended appellate courts
to continue applying Flowers, and thus, found no need to alter the new
rule substantially. Even if persuaded to embrace the interpretation of
rule 25.2(b)(3) urged by the Waco and Fort Worth courts, we reject the
notion that the court of criminal appeals was authorized to implicitly
overrule Flowers. In granting the court of criminal appeals its
rulemaking power, the legislature has specified that the court of
criminal appeals may not abridge, enlarge, or modify the substantive
rights of a litigant. See Tex. Gov't Code Ann. § 22.108 (Vernon 2000). 

 Moreover, we conclude that the Villanueva and Elizondo courts'
reliance on comments by court of criminal appeals justices regarding
interpretation of the new rule is misplaced. See Villanueva, 977 S.W.2d
at 695; Elizondo, 979 S.W.2d at 824 n.1. In finding such comments
"persuasive," the Villanueva court reached outside the text of the rule
to interpret its meaning. Villanueva, 977 S.W.2d at 695. Comments by
court of criminal appeals justices are not binding authority on this
Court. 

 We hold Marshall's general notice of appeal(4) is sufficient to invoke
this Court's jurisdiction to consider the voluntariness of his plea.

Applicable Law

 Appellant contends his guilty plea was involuntary as the result of
ineffective assistance of counsel.(5) 

 Ineffective assistance of counsel may be raised indirectly as
affecting the voluntariness of the plea, since a guilty plea is not knowing
or voluntary if made as a result of ineffective assistance of counsel. See
Ex parte Burns, 601 S.W.2d 370, 372 (Tex. Crim. App.1980); Melton v.
State, 987 S.W.2d 72, 77 (Tex. App.--Dallas 1998, no pet.); Diaz v.
State, 905 S.W.2d 302, 308 (Tex. App.--Corpus Christi 1995, no pet.).

 "When a defendant challenges the voluntariness of a plea entered
upon the advice of counsel, contending that his counsel was ineffective,
'the voluntariness of the plea depends on (1) whether counsel's advice
was within the range of competence demanded of attorneys in criminal
cases and if not, (2) whether there is a reasonable probability that, but
for counsel's errors, he would not have pleaded guilty and would have
insisted on going to trial.'" Ex parte Moody, 991 S.W.2d 856, 857-58
(Tex. Crim. App. 1999) (quoting Ex parte Morrow, 952 S.W.2d 530, 536
(Tex. Crim. App. 1997)); Kober v. State, 988 S.W.2d 230, 232 (Tex.
Crim. App. 1999). An appellant must prove ineffective assistance of
counsel by a preponderance of the evidence. Ex parte Morrow, 952
S.W.2d at 536.

 In any case analyzing the effective assistance of counsel, we begin
with the strong presumption that counsel was competent. See
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc). We
presume counsel's actions and decisions were reasonably professional
and were motivated by sound trial strategy. See Jackson, 877 S.W.2d
at 771. An appellant has the burden of rebutting this presumption by
presenting evidence illustrating why trial counsel did what he did. See
id. 

 Once an accused attests that he understands the nature of his
plea and that it was voluntary, he has a heavy burden to prove on
appeal that his plea was involuntary. Edwards v. State, 921 S.W.2d
477, 479 (Tex. App.--Houston [1st Dist.] 1996, no pet.); see also
Crawford v. State, 890 S.W.2d 941, 944 (Tex. App.-San Antonio 1994,
no pet.); Jones v. State, 855 S.W.2d 82, 84 (Tex. App.-Houston [14th
Dist.] 1993, pet. ref'd). In determining the voluntariness of a plea, the
entire record must be considered. See Williams v. State, 522 S.W.2d
483, 485 (Tex. Crim. App. 1975); Ford v. State, 845 S.W.2d 315, 316
(Tex. App.--Houston [1st Dist.] 1992, no pet.).

Analysis


 Marshall complains that his trial counsel failed to explain each of
the plea papers and also failed to explain the waiver of certain rights as
a consequence of entering a guilty plea. He further complains, without
explaining how such a misconception is attributable to any act or
omission by counsel, that he thought he was going to receive a thirty-year sentence. Finally, he complains that his counsel failed to interview
witnesses, and had neither visited the crime scene nor made any
preparations for trial. Marshall fails to point to any record references for
any of his contentions. 

 Nothing in the record contradicts the presumption that Marshall's 
plea was entered freely and voluntarily. Following his plea hearing and
sentencing hearing, Marshall sent a letter to the court, complaining
about his lawyer's performance and stating that he wanted to appeal. 
In response, the trial court held a hearing. Appellant testified at the
hearing as follows:Q [Court]: Okay. You understand that you also have a right
to represent-- to present evidence in your behalf and you are
waiving that too? Do you understand that?


A [Marshall]: Yes, sir.


Q: Well, okay. Are you entering this plea voluntarily? 


A: Yes, sir.


Q: In other words, it is of your own free will, nobody has
threatened or promised you anything other than the plea is
the recommendation?


A: Yes, sir. 

. . . .

Q: Mr. Woerner [Marshall's counsel], your attorney, are you
satisfied with his services?


A: Yes, sir. 

Later in the hearing, the following exchange between Marshall and his
counsel took place: 

Q [Counsel]: Mr. Marshall, I am going to primarily deal with
your letter which goes into more detail than the things you
spoke to this court about. First of all, I believe you state we
refused to file any motions for you; is that correct? 


A [Marshall]: Yes.


Q: Let me show you the court's file. Have you looked
through it to see whether any motions were filed for you?

 

A: No, because you never showed it to me.


Q: Does this appear to be a motion that was filed for you? 
Comes now the co-defendant, James Marshall, by and
through his attorney of record?


A: Yeah.


Q: Okay. Is that also a motion to suppress? Let me put it
this way. You don't really know whether or not any motions
were filed for you; is that correct?


A: Well, you just showed me one.


Q: How many motions would you like to see?


[Court]: There is [sic] three other files.


The court also questioned Marshall's counsel as follows: 


Q [Court]: All indications to me, Mr. Marshall, are that you
entered a plea voluntarily; that you agreed on the record that
you had no complaints about your attorney. Let me ask you,
[Marshall's counsel]. Do you feel that the plea of guilty that
was entered by your client, do you feel he did it voluntarily?


A [Counsel]: Yes, Your Honor.


Q: Do you feel that he understood exactly what he was
doing?


A: Yes, Your Honor. I not only explained it to him verbally. 
I had him sign an affidavit which explained what the range
of punishment was, what exactly he was pleading guilty to,
what his options were that he could have a trial in front of a
jury or enter the plea. It was explained to him in open court. 
I don't know how many more times we could have explained
it to him.


Q: Your client was-- if convicted of capital murder was
facing life in prison or the death sentence?

A: That's correct, Your Honor.

 In light of the record and the presumption that counsel's
performance was reasonably professional, we cannot conclude that
Marshall received ineffective assistance of counsel. See Gottson v.
State, 940 S.W.2d 181, 185-6 (Tex. App.--San Antonio 1996, pet. ref'd). 

Conclusion


 The record does not demonstrate that Marshall's counsel failed to
adequately explain the plea papers or consequences of the plea, nor
does it show that he failed to interview witnesses, visit the crime scene,
or prepare for trial. Having found that the record does not demonstrate
that counsel's performance was ineffective, there is no evidence
Marshall's plea was involuntary. Therefore, we overrule Marshall's
single issue. 

 The judgment of the trial court is affirmed.




 ________________________

 LINDA REYNA YAÑEZ

 Justice


Publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 10th day of August, 2000.

 



 

1. See Tex. Penal Code Ann. § 19.03 (Vernon 1994). The facts of the underlying
offense were not brought into evidence and have no relevance to the appeal. 
Therefore, we have omitted review of the facts.
2. All references to rule 40(b)(1) are to former Texas Rule of Appellate Procedure
40(b)(1). 
3. See, e.g., Davis, 7 S.W.3d at 697; Minix, 990 S.W.2d at 924.
4. Following the withdrawal of his trial counsel, Marshall filed a request for
appointed counsel for the purpose of pursuing an appeal; his request for appointed
counsel was granted. 
5. Although we do not have jurisdiction to consider claims of ineffective
assistance of counsel in an appeal from a plea-bargained conviction, Tex. R. App. P.
25.2(b)(3), we do have jurisdiction to consider a claim that a guilty plea was
involuntary. Flowers v. State, 935 S.W.2d 131, 134 (Tex. Crim. App. 1996); Moore
v. State, 4 S.W.3d 269, 272 (Tex. App.--Houston [14th Dist.] 1999, no pet h.)
(distinguishing claim of ineffective assistance, which court had no jurisdiction to
review because of defendant's failure to comply with rule 25.2(b)(3), from claim of
involuntariness, which can always be challenged on appeal as fundamental right);
Akridge v. State, 13 S.W.3d 308 (Tex. App.--Beaumont 2000, no pet. h.) (same). 

 The State also argues Marshall "waived" his claim of ineffective assistance by
failing to provide a record to sustain his claim. As noted, we only address Marshall's
claim of ineffective assistance insofar as it is incorporated into his involuntariness
claim. 

 We also note that in Young v. State, 8 S.W.3d 656, 665-666 (Tex. Crim. App.
2000), the court of criminal appeals recently held that:

 

with or without an agreed recommendation of punishment by the State,
a valid plea of guilty or nolo contendere "waives" or forfeits the right to
appeal a claim of error only when the judgment of guilt was rendered
independent of, and is not supported by, the error. In addition, if the
appeal is from a judgment rendered on the defendant's plea of guilty or
nolo contendere under Code of Criminal Procedure article 1.15, and the
punishment assessed did not exceed the punishment recommended by
the prosecutor and agreed to by the defendant, the substance of the
appeal must have been raised by writtten motion and ruled on before
trial (unless the appeal is for a jurisdictional defect or the trial court
granted permission to appeal). 


Young, 8 S.W.3d at 665-666 (footnotes omitted) (emphasis added). 

 We recognize that in Young, the court of criminal appeals substantially revised
the Helms Rule, and that the court's opinion, therefore, focused on the circumstances
in which a plea of guilty or nolo contendere waives a right to appeal a claim of error. 
The Young decision did not focus directly on an appellate court's jurisdiction to hear
such an appeal. The waiver analysis enunciated in Young, however, is applicable to
cases involving both "open" pleas of guilt and plea-bargains. Id. In the present case,
Marshall contends his counsel was ineffective (and his plea rendered involuntary) by,
inter alia, his counsel's failure to adequately explain the plea documents and the
consequences of the plea bargain. We conclude that under Young, Marshall's claim
of error was not waived because the judgment of guilt was not "rendered
independent of" the alleged error.