**Terry Wayne COOPER, Appellant,**

v.

**The STATE of Texas.**

No. 1100–99.

Court of Criminal Appeals of Texas,
En Banc.

April 4, 2001.

James Rasmussen, Wichita Falls, for appellant.

John W. Brasher, Assist. DA, Maureen O'Brien, Assist. DA, Wichita Falls, Matthew Paul, State's Atty., Austin, for the State.

■

WOMACK, J. delivered the opinion of the Court, in which, KELLER, P.J., and KEASLER, HERVEY, and HOLCOMB, JJ., joined.

■ This case presents the question of whether a plea-bargaining defendant may appeal the voluntariness of the plea. We hold that such an appeal was forbidden by an act of the legislature in 1977, and that our rules do not, and may not, allow such an appeal.

On July 16, 1998, the appellant waived in writing his right to trial by jury and pleaded nolo contendere to an indictment for forgery, a felony. There was a plea-bargain agreement by which the State agreed to recommend punishment of "one year confinement in the state jail facility with credit for 351 days, no fine, and restitution in the amount of ... approximately $37,-000.00." [1] The court sentenced the appellant according to the terms of that agreement. The appellant was admonished orally, and agreed in writing, that he could not appeal without the permission of the trial court except as to matters raised by written motion filed prior to trial. He filed a written waiver of his right to appeal.

Twelve days later the appellant filed, *pro se*, a handwritten notice of appeal, which said only that he "files this his notice of appeal." On August 11, represented by counsel, he requested permission to

1.  Reporter's Record at 3.

appeal, which was denied the following day. He immediately filed an amended notice of appeal which said, "The substance of this appeal was raised by written motion and ruled on prior to trial."

The appellant's issues on appeal, however, had nothing to do with any pre-trial motions. They were whether his plea was knowing and voluntary, and whether the trial court erred in accepting the plea because the court failed to adequately admonish him about the waiver of his right to appeal.

The court of appeals dismissed the appeal for want of jurisdiction, citing its holdings in *Long v. State*, 980 S.W.2d 878 (Tex.App.—Fort Worth 1998, no pet.), and *Villanueva v. State*, 977 S.W.2d 693 (Tex.App.—Fort Worth 1998, pet. ref'd, untimely filed), that such a defendant may not challenge the voluntariness of his plea if the notice of appeal does not reflect that the trial court granted permission to appeal. *Cooper v. State*, No. 2-98-350-CR (Tex.App.—Fort Worth April 1, 1999) (not designated for publication).

Rule of Appellate Procedure 25.2(b) does not authorize an appeal in a case such as this. The rule reads:

(b) *Form and sufficiency of notice.*

(1) Notice must be given in writing and filed with the trial court clerk.

(2) Notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order, and, if the State is the appellant, the notice complies with Code of Criminal Procedure article 44.01.

(3) But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure

article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

The appellant does not claim that Rule 25.2(b) authorizes his appeal. He relies on *Flowers v. State*, 935 S.W.2d 131 (Tex.Cr.App.1996), a case that was appealed under the predecessor of Rule 25.2(b), Rule 40(b)(1) of the 1986 Rules of Appellate Procedure. The Court said in *Flowers:*

Appellant pled guilty in accord with a plea agreement. Therefore, the issues he could appeal are governed by his compliance with Rule 40(b)(1). Since he did not comply with Rule 40(b)(1) he could not raise the issues permitted by that Rule. However, he could raise jurisdictional issues and, as we have discussed, he could raise the issue of whether his plea was voluntary. Accordingly, appellant is entitled to have the issue of the voluntary nature of his plea addressed by the Court of Appeals because its appealability is not dependant on following Rule 40(b)(1) requirements.

*Flowers,* 935 S.W.2d at 134. The courts of appeals have divided on the question of whether the holding we made in *Flowers* should also be made under the present Rule 25.2(b), which was adopted after *Flowers* was delivered.[2] We granted review.

**2.** Holding that voluntariness may be appealed: *Marshall v. State,* 28 S.W.3d 634 (Tex.

In limiting every appeal in a plea-bargain, felony case, Rule 25.2(b) is like the statute that was its origin. Former article 44.02 of the Code of Criminal Procedure contained no language that restricted its application.[3] The proviso that was added to the statute in 1977 forbade appeal in every plea-bargained, felony case unless one of two conditions was met: the appellant had permission of the trial court, or the appeal was from a written, pre-trial motion.

The main thrust of the 1977 amendment was to eliminate appeals where the defendant had entered a plea of guilty or

App.—Corpus Christi 2000, no pet.); *George v. State*, 20 S.W.3d 130 (Tex.App.—Houston [14th Dist.] 2000, pet. filed); *Davis v. State*, 7 S.W.3d 695 (Tex.App.—Houston [1st Dist.] 1999, no pet.); *Guzman v. State*, 993 S.W.2d 232 (Tex.App.—San Antonio 1999, pet. ref'd), *cert. denied*, 528 U.S. 1161, 120 S.Ct. 1174, 145 L.Ed.2d 1082 (2000); *Minix v. State*, 990 S.W.2d 922 (Tex.App.—Beaumont 1999, pet. ref'd); *Price v. State*, 989 S.W.2d 435 (Tex. App.—El Paso 1999, pet. ref'd); *Vidaurri v. State*, 981 S.W.2d 478 (Tex.App.—Amarillo 1999, pet.granted); *Johnson v. State*, 978 S.W.2d 744 (Tex.App.—Eastland, no pet.); *Session v. State*, 978 S.W.2d 289 (Tex.App.—Texarkana 1998, no pet.).

Holding that *Flowers* should be followed until the Court of Criminal Appeals decides the question: *Hernandez v. State*, 986 S.W.2d 817 (Tex.App.—Austin 1999, pet. ref'd).

Assuming without deciding that voluntariness may be appealed: *Lowe v. State*, 997 S.W.2d 670 (Tex.App.—Dallas 1999).

Holding that voluntariness may not be appealed: *Long*, 980 S.W.2d at 878; *Elizondo v. State*, 979 S.W.2d 823 (Tex.App.—Waco 1998).

3. A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed; provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.

TEX.CODE CRIM. PROC. art. 44.02 *as amended by* the Act of June 10, 1977, 65th Leg., R.S., ch. 351, § 1, 1977 Tex. Gen. Laws 940, *repealed in part by* Act of June 14, 1985, 69th Leg., R.S., ch. 685, §§ 1 & 4, 1985 Tex. Gen. Laws 2472 (authorizing the Court of Criminal Appeals to promulgate rules of procedure and conditionally repealing articles of the Code of Criminal Procedure).

The proviso was repealed simultaneously with the effective date of former Rule of Appellate Procedure 40(b)(1), the predecessor of Texas Rule of Appellate Procedure 25.2(b). Former Rule 40(b)(1) read:

Appeal is perfected in a criminal case by giving timely notice of appeal; except, it is unnecessary to give notice of appeal in death penalty cases. Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment is rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to the entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and rule on before trial.

TEX.R.APP. P 40(b)(1) (1986) (repealed 1997).

The holding of *Flowers* could be justified by the language of former Rule 40(b)(1), which specifically limited only appeals of a "defect or error that occurred prior to the entry of the plea." Because the defect or error of an involuntary plea of guilty occurs at the entry of the plea, not before, the former rule did not seem to apply to an appeal of voluntariness. But, despite its language, the former rule had been construed to apply to an appeal of "any matter in the case," regardless of whether the matters were "defects or errors that occur before or after the entry of the plea." *Lyon v. State*, 872 S.W.2d 732, 736 (Tex.Cr.App.1994).

nolo contendere before the court as a result of a plea bargain and the punishment assessed did not exceed that agreed upon.[4] The same legislature enacted another amendment to curtail the right to bail pending appeal.[5] Taken together, these two acts were aimed at eliminating, or reducing, the ability of plea-bargaining defendants to delay the execution of their sentences by taking meritless appeals (known colloquially as "street" appeals which were decided by "windy" opinions).[6]

There is nothing in the language of the 1977 statute that suggests that the voluntariness of a plea was exempt from the limitation on appeal. Indeed, any such exception to the operation of the proviso would have completely frustrated the legislative purpose to eliminate meritless appeals. The only limitation on the ability of an appellant to allege that the plea was involuntary is the limit of the human imagination, which is exactly the evil that the legislation sought to eliminate.

Our conclusion that the 1977 proviso limits every appeal on every ground in a plea-bargain, felony case is bolstered by the action of the next legislature in enacting article 26.13(a)(3) of the Code of Criminal Procedure. That act required a court to admonish a defendant who was pleading guilty in a felony case of "the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal *on any matter in the case* except for those matters raised by written motions filed prior to trial."[7] The evident purpose of this act was to inform the defendant of the restrictions on appeal that were imposed by the 1977 proviso, so that the defendant could take them into account before making a knowing and voluntary decision to plead guilty.[8] As the legislature saw it, the restrictions of the 1977 proviso applied to any matter in the case, without limitation.

Finding that the statute was subject to an exception for appeals on voluntariness would require the most compelling reasons. No such reasons were presented in *Flowers*. In that case the Court relied on three precedents to conclude that the right to appeal included the right to appeal the voluntariness of a guilty plea.[9] In each of

---

4. *Morris v. State*, 749 S.W.2d 772, 774 (Tex. Cr.App.1986).

5. Before 1977, all misdemeanants and all felons whose sentences did not exceed 15 years were entitled to bail. *See* Code of Criminal Procedure Act of 1965, 59th Leg., R.S., ch. 722, § 1, art. 44.04(a), 1965 Tex. Gen. Laws vol. 2, p. 317, 511. The 1977 amendment authorized trial courts to deny bail to felons whose sentences did not exceed 15 years if there was good cause to believe that they would not appear when the convictions became final or that they would commit other offenses while on bail. *See* Act of May 25, 1977, 65th Leg., R.S., ch. 234, § 1, 1977 Tex. Gen. Laws 636. The Act also authorized the courts to impose conditions on bail. *Ibid.*

6. *Young v. State*, 8 S.W.3d 656, 665–66 (footnotes renumbered).

7. *See* Act of June 11, 1979, 66th Leg., R.S., ch. 524, § 1, 1979 Tex. Gen. Laws 1108, 1109.

8. "The constitutional key to validity of a guilty plea is that it be voluntary and intelligently made and, if upon advice of counsel, that counsel be reasonably competent and render effective assistance. The purpose and function of the mandates of article 26.13, then, are to ensure that only a constitutionally valid plea is entered and accepted by the judge of the trial court, and substantial compliance with its dictates is required." *Meyers v. State*, 623 S.W.2d 397, 401–02 (Tex.Cr.App.1981) (citations omitted).

9. *Fuentes v. State*, 688 S.W.2d 542 (Tex.Cr. App.1985); *Mooney v. State*, 615 S.W.2d 776 (Tex.Cr.App.1981); *Wooten v. State*, 612 S.W.2d 561 (Tex.Cr.App.1981).

these cases we held that the plea of guilty was involuntary when the appellant had been incorrectly assured by a trial court that appeal was possible. There is no reason to doubt the correctness of those holdings. But that is not the issue before us. The issue is whether the voluntariness of the plea may be questioned by appeal. None of the three cases addressed that issue.

When we actually consider the issue of whether voluntariness of a guilty plea may be raised on appeal from a plea-bargained, felony conviction, we find that the answer must be that it may not. The first two reasons have been set out above: The legislature forbade it in 1977, and to do so would completely frustrate the statute. Our rule-making authority does not extend to enlarging the right of appeal in this fashion. Ironically, we made that point in *Flowers* when we said, "Neither Rule 40(b)(1) nor this Court's interpretation of that rule may modify or enlarge that right [to appeal]." [10] The irony is that by its decision in *Flowers* that *allows* an appeal in a plea-bargained, felony case, this Court modified and enlarged the right to appeal. [11]

Two other reasons support the legislative decision to forbid appeals of voluntariness in such cases. One is a cost-benefit analysis. The number of plea-bargain, felony cases in which a plea was entered involuntarily is very small, compared to the large number of meritless appeals that would be authorized.

It must be remembered that the rule we are construing applies only to plea-bargained, felony cases. In a former era a defendant was expected to plead guilty (often without a lawyer) and throw himself on the mercy of the court with no assurance of the punishment to follow. The defendant's decision to do so was first manifested in court when the plea was entered. At that time it was crucial that the court give the defendant information about the consequences of a plea of guilty so that the decision to do so could be voluntary and knowing. But the practice of plea bargaining, which was made necessary by the lack of judicial resources, shifted the crucial decision in most cases to a plea-bargain agreement that was struck between attorneys for the State and the defendant in a negotiation that took place off the record. For the felony courts of Texas this practice was recognized and regulated by statute in 1977. [12] Now in a plea-bargain case the defendant knows, and has accepted before the plea is entered, the most important consequence of the plea of guilty: the upper limit on punishment. [13] Even when the record shows

10. *Flowers,* 935 S.W.2d at 134 (citing Tex. Gov't Code § 22.108(a)).

11. It will be noticed that former Rule of Appellate Procedure 40(b)(1) modified the 1977 statute not only by restricting it to errors that occurred before the entry of the plea; it also added a restriction to "nonjurisdictional" defects or errors. Tex.R.App. P. 40(b)(1) (1996) (repealed 1997). This restriction has been carried into the new rule. *See supra* p. 78. The validity of that modification is not presented in this appeal.

12. The proviso in Code of Criminal Procedure article 26.13(a)(2) that requires the court to inquire into plea-bargain agreements, and

that permits the plea to be withdrawn if the court rejects the agreement, was added by the Act of May 27, 1977, 65th Leg., R.S., ch. 280, 1977 Tex. Gen. Laws 748.

13. Actually in most cases the precise punishment is known, because trial courts almost always follow the recommendation that was bargained for. This was true even before 1977, when article 26.13 was amended to recognize and regulate the entry of pleas that were the result of plea bargaining.

"It is no secret, however, that plea negotiations are basically honored by the courts of the State of Texas as they are throughout the United States. If the judges began not to

that the trial court erred in admonishing a defendant before his plea is accepted, the plea will not be held involuntary on appeal if the defendant knew the punishment he was facing and the trial court followed the plea agreement.[14] In a real sense, therefore, when the legislature identified cases in which the trial court followed the plea-bargain agreement, it identified cases in which the pleas were voluntary.

The number of cases in which the plea is involuntary when the trial court followed the plea agreement is therefore very small, and the number of cases in which the involuntariness would appear in an appellate record is even smaller. Experience has shown us that most cases of involuntary pleas result from circumstances that existed outside the record, such as misunderstandings, erroneous information, impaired judgment, ineffective assistance of counsel, and plea-bargains that were not followed or turn out to be impossible of

performance. The legislature reasonably determined to eliminate a small number of meritorious appeals to prevent a much larger number of meritless appeals.

■ This decision may be seen as even more reasonable when it is remembered that meritorious claims of involuntary pleas may be raised by other procedures: motion for new trial and habeas corpus.[15] These procedures are not only adequate to resolve claims of involuntary pleas, but they are superior to appeal in that the claim may be supported by information from sources broader than the appellate record.[16]

*Flowers* gave no consideration to the possibility that the legislature may have regarded challenges to voluntariness as better raised in habeas corpus than on appeal because the appellate record will often contain insufficient grounds for a fair resolution of the claim. The legisla-

honor plea negotiations and to set independent or separate sentences, the inducement to plead guilty to a particular charge would be removed and defendants would pursue their rights to trial by jury. If these rights were pursued, the additional thousands of jury trials would force the system to grind to a halt." Robert G. Bogomolny, *Criminal Prosecution and Defense, in* THE IMPACT OF THE TEXAS CONSTITUTION ON THE CRIMINAL JUSTICE SYSTEM 70–71 (Allan K. Butcher et al. eds., 1973).

"In Harris County, at least, the district attorney's office, by controlling the plea bargaining process, is able to exercise a quasi-judicial power in the area of criminal sentencing. For the most part, the sentences of felons are determined outside of court during plea negotiations, and the judges are extra legally forced to accept the great majority of these pre-arranged sentences because of the overwhelming caseload with which the courts are burdened." James N. Johnson, *Sentencing in the Criminal District Courts*, 9 HOUS. L.REV. 944, 994–95 (1972).

*A fortiori* is it true today. In State Fiscal Year 1999, in the district courts of Texas which have jurisdiction of felony prosecutions, 96.6% of convictions were obtained by

guilty pleas in which the judge assessed punishments. *See* OFFICE OF COURT ADMINISTRATION, ANNUAL REPORT OF THE TEXAS JUDICIAL SYSTEM— FISCAL YEAR 1999 135 (1999) (based on deferred adjudications and judgments of conviction without a jury). This proportion of guilty pleas could not be maintained if trial courts departed from plea-bargain recommendations to any significant degree.

**14.** *See Eatmon v. State*, 768 S.W.2d 310 (Tex. Cr.App.1989).

**15.** As we said in one of the precedents on which *Flowers* relied, "[S]ince the plea was involuntary as a matter of constitutional law, the conviction violates due process and would be subject to collateral attack." *Mooney, supra* note 11, at 778 (citations omitted).

**16.** *Cf. Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Cr.App.1999) ("Rarely will a reviewing court be provided with the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the claim involving such a serious allegation" as ineffective assistance of counsel).

ture may well have decided to render the issue unappealable but only as a means of encouraging its litigation in habeas corpus, where a new and more complete record can be developed.[17]

For these reasons the holding of *Flowers* will not be applied to our new rule for notice of appeal by a defendant in a plea-bargained, felony case. Like the 1977 statute, Rule 25.2(b) does not permit the voluntariness of the plea to be raised on appeal.

The judgment of the Second Court of Appeals is affirmed.

PRICE, J., filed a dissenting opinion, in which MEYERS, HOLLAND, and JOHNSON, JJ., joined.

PRICE, J., delivered a dissenting opinion in which MEYERS, HOLLAND, and JOHNSON, J.J., joined.

Because the ability to appeal the voluntariness of a guilty or nolo plea was part of a defendant's substantive right to appeal both before and after the 1977 proviso to article 44.02,[1] I respectfully dissent.

Prior to 1977, article 44.02 provided (as it does today): a defendant in any criminal action has the right of appeal under the rules hereinafter prescribed. Tex.Code Crim.Proc.Ann. art. 44.02 (Vernon 1981). Courts had interpreted article 44.02 and its predecessors very broadly, and recognized that the right to appeal, a right bestowed by the legislature, "should be denied only where the express mandate of the law so requires." *See Lemmons v.*

State, 818 S.W.2d 58, 60 (Tex.Crim.App. 1991).

In 1972, however, this Court decided *Helms v. State*, in which we judicially limited the right to appeal of defendants who plead guilty. *See* 484 S.W.2d 925, 927 (Tex.Crim.App.1972), *abrogated by Young v. State*, 8 S.W.3d 656 (Tex.Crim.App. 2000). Under the *Helms* rule, "[w]here a plea of guilty is knowingly and understandingly made, all non-jurisdictional defects, including federal due process, are waived." *Id.* at 927. It is important to note that this limitation on the right to appeal was premised on a guilty plea that was voluntarily made. Thus, even under this restrictive rule, the voluntariness of a guilty plea could still be challenged. *See id.; see also, e.g., Wade v. State*, 508 S.W.2d 851 (Tex.Crim.App.1974).

The legislature responded to *Helms* by adding the 1977 proviso to article 44.02. *See Lyon v. State*, 872 S.W.2d 732, 734–35 (Tex.Crim.App.1994). The proviso read:

> provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.

17. George E. Dix and Robert O. Dawson, 43 Texas Practice–Criminal Practice and Procedure § 43.84 (Supp.1999).

1. *See Flowers v. State*, 935 S.W.2d 131 (Tex. Crim.App.1996); *Fuentes v. State*, 688 S.W.2d 542 (Tex.Crim.App.1985); *Mooney v. State*, 615 S.W.2d 776 (Tex.Crim.App. [Panel Op.] 1981); *Wooten v. State*, 612 S.W.2d 561 (Tex. Crim.App. [Panel Op.] 1981); *Richards v.*

State, 562 S.W.2d 456 (Tex.Crim.App.1977); *Wade v. State*, 508 S.W.2d 851 (Tex.Crim.App. 1974); *Davila v. State*, 496 S.W.2d 629 (Tex. Crim.App.1973); *Patterson v. State*, 156 Tex. Crim. 489, 244 S.W.2d 217 (1951); *Stafford v. State*, 103 Tex.Crim. 144, 280 S.W. 218 (1926); *Scott v. State*, 29 Tex.App. 217, 15 S.W. 814 (1890).

This legislative proviso had the effect of opening an avenue of appeal that had been foreclosed by the *Helms* rule. "Without let or hindrance the 1977 amendment to Article 44.02 opened the previously closed way to appellate consideration of issues raised and contested before trial." *Morgan v. State*, 688 S.W.2d 504, 507 (Tex. Crim.App.1985). In light of *Helms*, the proviso was therefore not so much a restrictive amendment as it was permissive in nature. *See Lyon*, 872 S.W.2d at 735 (citing *Morris v. State*, 749 S.W.2d 772, 779 n. 12 (Tex.Crim.App.1986)).

The purpose of the 1977 proviso seemed to be aimed at saving judicial resources.[2] *See Lyon*, 872 S.W.2d at 734–35; *Lyon*, 872 S.W.2d at 739 (Clinton, J., dissenting) ("The 'main thrust' was, instead, to unburden the dockets of the district and county courts by allowing defendants to appeal without the necessity of a full blown trial."). The *Helms* rule "discouraged guilty pleas, and caused a defendant, who wanted to preserve his appellate issues, to force the State to a full blown trial on the merits." *Id.* at 734 (citing *Morris*, 749 S.W.2d at 779). This caused congestion at the district court level and "[a]pparently cost the State a lot of money." *Id.* The proviso was thus a means of reducing judicial congestion; "it allowed some appellate issues to be addressed on their merits in negotiated plea situations where the Helms rule otherwise applied in order 'to conserve judicial resources by encouraging guilty pleas,' and to prevent 'windy' appeals."[3] *Id.* at 735.

This Court then replaced art. 44.02's proviso with Rule of Appellate Procedure 40(b)(1), which used virtually identical language.[4]

Neither art. 44.02, its subsequent proviso, nor Rule 40(b)(1) explicitly addressed whether the voluntariness of a plea could be appealed. In the first case to directly address whether a defendant could appeal

---

2. The exact intentions of the legislature in passing the 1977 proviso have not been completely clear. Disagreements concerning the "main thrust" of the proviso are nothing new and seem to have been quite common between former Presiding Judge Onion and Judge Clinton. *See, e.g., Lyon*, 872 S.W.2d at 739 (Clinton, J., dissenting); *Morgan*, 688 S.W.2d at 513–514 (Onion, P.J., dissenting). However, even Presiding Judge Onion when criticizing *Mooney* and *Wooten* on their facts, not the procedural backgrounds, emphasized that "... a defendant is free to actually prove that his guilty plea was not voluntary or that it was improperly induced by one in authority ..." *Morgan*, 688 S.W.2d at 523.

3. Windy appeals were appeals without merit. Many of the windy appeals were made windy as a result of *Helms*'s application. *See Lyon*, 872 S.W.2d at 735 (citing *Morris*, 749 S.W.2d at 779 n. 12 (Clinton, J., dissenting) ("It [the proviso] essentially renders what were formerly regarded as 'windy' appeals due to operation of the *Helms* rule congnizable on their merits ...")). Furthermore, there does not seem to be an indication that challenges to

voluntariness constituted a significant number of windy appeals.

4. Rule 40(b)(1) read:

Appeal is perfected in a criminal case by giving timely notice of appeal; except, it is unnecessary to give notice of appeal in death penalty cases. Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; *but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.* TEX.R.APP. P. 40(b)(1) (Tex.Crim.App.1986, repealed 1998) (emphasis added).

the issue of voluntariness in a plea-bargained case in light of Rule 40(b)(1), this Court determined that:

> In this State, a defendant has always been able to appeal his conviction based on a plea of guilty or nolo contendere claiming that it was not freely and voluntarily entered ... This Court's application of Article 44.02 did not bar such an appeal in negotiated plea cases. Thus, appeals in plea bargained cases which are governed by Rule 40(b)(1) may likewise challenge the voluntary nature of the plea.
>
> ... [W]e conclude that a defendant's substantive right to appeal under the proviso to Art. 44.02 included the right to raise a complaint on appeal that a negotiated plea was unknowing or involuntary. Neither Rule 40(b)(1) nor this Court's interpretation of that rule may modify, enlarge or abridge that right.

*Flowers v. State,* 935 S.W.2d 131, 133 (Tex. Crim.App.1996) (internal citations omitted).

After *Flowers,* we replaced Rule 40(b)(1) with Rule of Appellate Procedure 25.2.[5]

As we pointed out in *Flowers,* Rule 40(b)(1) was passed with the understanding that "the body of case law construing the proviso [to article 44.02] would prevail and still control." *Flowers,* 935 S.W.2d at 132; *Davis v. State,* 870 S.W.2d 43, 46 (Tex.Crim.App.1994). This was because

the legislature prohibited us from abridging, enlarging, or modifying the substantive rights of a litigant when it gave us the ability to make rules of appellate procedure. *See* TEX. GOV'T CODE ANN. § 22.108(a); *Flowers,* 935 S.W.2d at 132–33; *Davis,* 870 S.W.2d at 46. We further found in *Flowers* that it had been the practice under article 44.02 to address the voluntariness of guilty plea regardless of the trial court's granting permission. *See Flowers,* 935 S.W.2d at 133. We pointed to three post-proviso, pre-Rule 40(b)(1) cases to show that a defendant could appeal voluntariness despite not receiving the permission of the trial court: *Fuentes,*[6] *Mooney,*[7] and *Wooten.*[8]

The majority recognizes these three opinions, but distinguishes them by stating that they stand for the proposition that a guilty plea is involuntary when a defendant is incorrectly assured by a trial court that appeal on certain issues is possible. *See ante* at 81. "There is no reason to doubt the correctness of those holdings. But that is not the issue before us. The issue is whether the voluntariness of the plea may be questioned on appeal." *Id.* But we did not cite these cases in *Flowers* for the proposition that incorrect assurances by trial courts lead to involuntary pleas; they were cited for the proposition that it was within the article 44.02 proviso to challenge voluntariness even though the trial court's permission had not been obtained. *See Flowers,* 935 S.W.2d at 133. If it was

---

5. Rule 25.2(b)(3) reads:
   [b]ut if the appeal is from a judgment rendered on a defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:
   (A) specify that the appeal is for a jurisdictional defect;
   (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

6. 688 S.W.2d 542 (Tex.Crim.App.1985).

7. 615 S.W.2d 776 (Tex.Crim.App. [Panel Op.] 1981).

8. 612 S.W.2d 561 (Tex.Crim.App. [Panel Op.] 1981).

not permissible for a defendant to challenge the voluntariness of his negotiated guilty or nolo plea without first obtaining the trial court's permission, then we would not have addressed the voluntariness issue.[9] Because we did address the voluntariness issue, we implicitly recognized that a defendant could challenge the voluntariness of his plea despite his not receiving the permission of the trial court. *See Flowers*, 935 S.W.2d at 134. "Perhaps this practice was based on the unspoken assumption that a plea under Art. 44.02 had to be knowing or voluntary, similar to the predicate requirement to the *Helms* rule, because that had always been a requisite to any guilty plea." *Id.*

Also, by its own terms, the proviso to article 44.02 is applicable only in cases involving a negotiated plea of guilty or nolo contendere. *See* Tex.Code Crim.Pro. Ann. art. 44.02 (Vernon 1981). The key to a constitutionally valid guilty plea is that it be voluntarily and intelligently made. *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Meyers v. State*, 623 S.W.2d 397, 401–02 (Tex.Crim. App. [Panel Op.] 1981). The very terms of the article 44.02 proviso would therefore require a knowing and voluntary guilty or nolo plea, voluntariness being the predicate. *See Flowers*, 935 S.W.2d at 133 ("... voluntariness was at least an implied predicate under the proviso, consistent with prior case law, and as such is not barred from appeal under 40(b)(1)."). It does not seem that the legislature would allow a defendant to appeal a motion to suppress but prohibit the defendant from raising the invalidity of the plea itself.[10]

It is also significant that the legislature has done nothing that would call *Flowers*'s interpretation of article 44.02 into question. It is presumed that the legislature is aware of case law affecting or relating to the statute. *See Grunsfeld v. State*, 843 S.W.2d 521, 523 (Tex.Crim.App.1992). "When the Legislature meets, after a particular statute has been judicially construed, without changing that statute, we presume the legislature intended the same construction should continue to be applied to that statute." *Marin v. State*, 891 S.W.2d 267, 271–72 (Tex.Crim.App.1994). We assume that the legislature was not only aware of the cases of *Fuentes, Mooney,* and *Wooten,* it was also aware of our express holding in *Flowers* that the ability to challenge the voluntariness of a guilty plea was part of the substantive right to appeal and could be utilized under article 44.02 without first obtaining the trial court's permission. *See Flowers*, 935 S.W.2d at 133–34. If our interpretation of article 44.02, both expressly and impliedly, were against the intentions of the legislature, then the legislature could have amended article 44.02 to correct our mistake. The fact that it has not indicates that the legislature intended our interpretation that article 44.02, even after the passage of the 1977 proviso, allows a defendant to raise the voluntariness of his negotiated guilty plea without first obtaining the trial court's permission. *See Marin*, 891 S.W.2d at 271–72.

I agree with the majority that a direct appeal on the issue of voluntariness may

9. In *Mooney*, voluntariness was not challenged by the defendant; the issue was raised and addressed by this court *sua sponte*. *See Flowers*, 935 S.W.2d at 134.

10. *See, e.g., Session v. State*, 978 S.W.2d 289, 291 (Tex.App.—Texarkana 1998, no pet.) (noting that rule 25.2's [and inferentially the art. 44.02 proviso] is "triggered by and based

upon a voluntary plea of guilty or nolo contendere with a plea bargain in place .... it is begging the question to say that this rule is applicable to this case because it involves a plea of guilty or nolo contendere and yet, the question whether there was a voluntary plea to that effect is not allowed to be reviewed.").

not always be the ideal medium. *See ante* at 82. There are cases in which a motion for new trial or habeas corpus proceeding will adduce evidence outside the appellate record that will entitle the defendant to relief.[11] However, the availability of other procedures is not the issue.[12] In *Thompson*, we said that only in rare cases will the record on direct appeal be sufficient to show prejudice ineffective assistance of counsel, but we did not foreclose the defendant's right to raise ineffective assistance of counsel on direct appeal. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App.1999). A defendant may choose to exercise his right to raise voluntariness on direct appeal even though the record may not be developed sufficiently to provide relief. Even though likely to be the minority of cases, there will be some instances, like *Mooney* and *Wooten*, where the record will be sufficient to find involuntariness on direct appeal. We should not deny relief in such cases on direct appeal merely because they are likely to be few in number.

Finally, the decision today creates an anomalous result. It is true that in *Young v. State*, 8 S.W.3d 656 (Tex.Crim.App. 2000), we abrogated the *Helms* rule. However, the restrictive language in *Helms* did not preclude a challenge to the voluntariness of an open guilty plea. *See Helms*, 484 S.W.2d at 927; *Flowers*, 935 S.W.2d at 133–34. When we abrogated *Helms*, we did not alter the ability of a non-plea bargaining defendant to challenge the voluntariness of his plea. *See Young*, 8 S.W.3d at 666–67. After *Helms*, and even after *Young*, a defendant who pleads

guilty without the benefit of a plea bargain may challenge the voluntariness of his plea irrespective of the trial court's permission. After today, a defendant who pleads guilty in accordance with a plea bargain must first obtain the trial court's permission under Rule 25.2. We now have two sets of rules for guilty pleading appellants depending on whether they pled with or without the benefit of a plea bargain.

As for the resolution of the case at bar, I would reverse the court of appeals. The ability to challenge the voluntariness of a negotiated plea is included within the substantive right to appeal. *See Flowers*, 935 S.W.2d at 133. Making this right dependent upon the trial court's permission through the enactment of an appellate rule would abridge a defendant's substantive right to appeal. *Id.; see also* TEX. GOV'T.CODE § 22.108(a) (Vernon 1988); *State v. Hardy*, 963 S.W.2d 516, 519 (Tex. Crim.App.1997) (in determining what could abridge, enlarge or modify substantive rights, citing *Flowers* for the proposition that, "this Court may not, through appellate rule, restrict appellate jurisdiction recognized under former statute—claim that plea was involuntary."). Because appellants have long possessed the substantive right to appeal the voluntariness of their negotiated pleas in Texas, neither Rule 40(b)(1) nor its successor, Rule 25.2, could eliminate that right. *See* TEX.GOV'T CODE ANN. § 22.108(a).

For these reasons, I dissent.

---

11. However, habeas corpus is not necessarily the preferable method for raising voluntariness. A defendant who pleads involuntarily has no right to counsel in pursuing this collateral attack.

12. The majority notes that we said in *Mooney* that the defendant could have collaterally at-

tacked his conviction because the involuntary plea violated due process. *See ante* at 82 n. 15. However, the fact that we recognized that *Mooney* could collaterally attack the conviction did not stop us from addressing the voluntariness issue on direct appeal and without the trial court's permission.