NO. 07-01-228-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 11, 2001
_____

ANN MARIE LUSTGRAAF,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 41,557-C; HON. PATRICK PIRTLE, PRESIDING
_____

*Dismissal*
_____

Before REAVIS, QUINN and JOHNSON, JJ.

Ann Marie Lustgraaf (appellant) attempts to appeal from a judgment under which she was convicted of possession of a controlled substance. The judgment was entered pursuant to her guilty plea and plea bargain with the State. Furthermore, the trial court's decision and sentence comported with the terms of the plea bargain. Appellant filed a general pro se notice of appeal along with an affidavit of indigency. We dismiss for want of jurisdiction.

Because appellant pled guilty and the sentence assessed by the court did not exceed the parameters of the plea bargain, appellant was required to comply with Texas Rule of Appellate Procedure 25.2(b)(3). That is, she was required to recite in her notice that she was appealing based upon jurisdictional defects, that the substance of her appeal was raised by written motion and ruled on before trial, or that the trial court granted her permission to appeal. None of these statements appear in her notice, however.[1] Consequently, we have no jurisdiction to entertain the proceeding. *Cooper v. State*, 45 S.W.3d 77 (Tex. Crim. App. 2001). This is true even though she contends, via her notice of appeal, that she failed to understand the applicable range of punishment, *id.* (holding that issues of voluntariness cannot be raised through a general notice of appeal), and that her punishment was excessive.[2]

Accordingly, the appeal is dismissed.

Per Curiam

Do Not Publish.

---

[1] We do not decide at this time whether a trial court's stating in its judgment (as the court did here) that one who pled guilty had the right to appeal and that counsel would be appointed to represent him on appeal if he could not afford one is tantamount to granting permission to appeal. Yet, we note the potential for such commentary inducing a prospective appellant into believing that he could appeal. Nevertheless, the notice of appeal still would have to comport with Texas Rule of Appellate Procedure 25.2(b)(3) before we acquired jurisdiction.

[2] Appellant also states in her notice of appeal that she does "not intend to contest [her] conviction."