NO. 07-01-372-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 27, 2001


______________________________



IN THE INTEREST OF A. N. H
, a CHILD



 

_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 48,249-A; HON. DAVID L. GLEASON, PRESIDING


_______________________________





ORDER ON MOTION TO REINSTATE APPEAL


________________________________



Before QUINN, REAVIS and JOHNSON, JJ. 

 On November 7, 2001, we issued an order dismissing the above referenced appeal
"for want of prosecution" because appellant failed to file her brief. Within the time for
seeking a rehearing, appellant filed her brief and moved to extend the time for filing same. 
Also within the time to seek rehearing, appellant filed a "Motion for Reconsideration" which
we construe as a motion for rehearing. Through the latter motion we are provided reasons
explaining why the brief was not timely filed. Furthermore, we hold those reasons to
constitute good cause for the delay. 

 Therefore, we vacate our November 7th order dismissing the appeal and reinstate
the cause. Furthermore, we grant appellant's motion for extension of time to file
appellant's brief and extend the deadline to November 27, 2001. Finally, we set December
27, 2001 as the deadline by which each appellee's brief must be filed. 

 It is so ordered.

 

 Brian Quinn

 Justice

Do not publish. 



.Ed.2d 493
(1967) and representing that she had searched the record and found no arguable grounds
for reversal. The motion and brief illustrated that appellant was informed of her rights to
review the appellate record and file her own brief. So too did we inform appellant that any
brief she cared to file had to be filed by December 8, 2002. To date, appellant has filed
no brief. 

 After conducting an independent review of the record, we find no reversible error. 
Appellant represented to the court via the plea admonishment papers she signed that she
was 1) properly indicted, 2) represented by legal counsel, and 3) mentally competent when
she entered her plea. Moreover, no appeal was taken within 30 days from the date of
appellant's guilty plea complaining of error occurring at that time. Thus, we have no
jurisdiction over any purported error arising from or prior to the plea hearing. Manuel v.
State, 944 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); see Cooper v. State, 45 S.W.3d
77, 83 (Tex. Crim. App. 2001). Finally, appellant plead true to seven of the nine allegations
contained in the motion to adjudicate guilt, and the punishment levied was within the range
provided by statute. 

 Accordingly, counsel's motion to withdraw is granted and the judgment of the trial
court is affirmed. 

 Brian Quinn 

Do not publish. Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2002).