NO. 07-01-0114-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 13, 2001

_____

TROY DON ODOM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT OF CASTRO COUNTY;

NO. 12279; HONORABLE IRENE MILLER, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Troy Don Odom seeks to appeal a judgment of the County Court of Castro County convicting him of the misdemeanor offense of possession of marijuana. Finding we have no jurisdiction over this appeal, we dismiss.

At trial, appellant was advised of his right to be represented by an attorney and the risks of not being represented. He waived that right in writing. He plead guilty pursuant

to a plea agreement and was found guilty by the trial court. The court imposed sentence of 30 days confinement in the Castro County Jail, a fine of $500, and court costs of $253.25. The court suspended imposition of appellant's confinement for one year. Appellant now seeks to challenge that judgment by presenting two points of error for our review; first, that the cause must be remanded for a new trial because the record is incomplete, and second, that he was denied reasonably effective assistance of counsel in violation of his sixth amendment rights.

Although not raised by the parties, it is our duty to determine our jurisdiction over this appeal. Because appellant's conviction was from an agreed plea and the punishment assessed did not exceed that recommended by the prosecutor, the requirements of Texas Rule of Appellate Procedure 25.2(b) are applicable. That rule provides a notice of appeal in this circumstance must (A) specify that the appeal is for a jurisdictional defect; (B) specify the substance of the appeal was raised by written motion ruled on before trial; or (C) state the trial court granted permission to appeal. Tex. R. App. P. 25.2(b). Appellant filed a general notice of appeal which did not meet the requirements of Rule 25.2(b). Moreover, the record would not support any of the statements required by that rule.

Because appellant has not satisfied the mandatory requirements of Texas Rule of Appellate Procedure 25.2(b), we must, and hereby do, dismiss this appeal for want of jurisdiction. *See Cooper v. State*, 45 S.W.3d 77 (Tex.Crim.App. 2001) (affirming dismissal for failure to comply with Rule 25.2(b)).

Do not publish.                              Per Curiam