Wilson v. SOT







NUMBER 13-01-00439-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 

MICHAEL LEE WILSON, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 

On appeal from the 24th District Court of Jackson County, Texas.

 

O P I N I O N


Before Justices Hinojosa, Yañez and Castillo

Opinion by Justice Hinojosa


Pursuant to a plea bargain agreement, appellant, Michael Lee Wilson, pleaded guilty on May 15, 2001, to the offense of
injury to a child. (1) The State informed the trial court that it was recommending ten years imprisonment, and the court
asked appellant:

Q. Is that the recommendation that you had agreed to, Mr. Wilson?

 


 Yes, sir.


 


 Do you have any questions about it?


 


 No, sir, I don't. 


The trial court took the matter under advisement and reset the case to June 11, 2001, for sentencing.

At the sentencing hearing, appellant's counsel informed the trial court that appellant wanted the court to probate or suspend
his sentence. Four witnesses testified on appellant's behalf. Appellant then testified:

I signed the plea agreement because I was scared, I felt I made a bad decision, I should have taken it to trial, but at the time
I was very scared. I was never faced with this type of situation before and I just beg that the Court would honor and maybe
give me probation or maybe even a little jail time and then probation, just so I can be with my father, because I don't know
how much longer he has and it would be greatly appreciated.

Appellant did not ask to withdraw his plea of guilty.

Appellant admitted that he had been convicted of theft in Victoria County in 1993, he had received probation, and his
probation was revoked. He was also convicted of bail jumping in Victoria County in 1996. In 1998, he was convicted of
possession of a controlled substance in Harris County and received probation, but his probation was revoked because he
was convicted of assault in Matagorda County in 1999. 

After hearing all the evidence, the trial court found appellant guilty and assessed his punishment at ten years imprisonment. 
The trial court refused to grant appellant permission to appeal. On July 2, 2001, appellant filed a notice of appeal.

In a single point of error, appellant contends his guilty plea was involuntarily made.

Before we reach the merits of this case, we must determine whether this Court has jurisdiction to consider this appeal. 
Because appellant appeals from a judgment rendered on a guilty plea made pursuant to a plea bargain agreement, and the
punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, we
must consider the threshold issue of whether appellant's notice of appeal is sufficient to confer jurisdiction on this Court.

The record shows that appellant filed only a general notice of appeal. Because appellant's notice of appeal does not specify
that the appeal is for jurisdictional defects, from a ruling on a pre-trial motion, or that the trial court granted appellant
permission to appeal, it does not comply with the specific notice requirements of Texas Rule of Appellate Procedure
25.2(b)(3). See Tex. R. App. P. 25.2(b)(3).

The Texas Court of Criminal Appeals has recently held that when an appellant fails to comply with the extra-notice
requirements of rule 25.2(b), the court of appeals lacks jurisdiction to consider the appeal, even for voluntariness issues. 
See Cooper v. State, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001) (holding that rule 25.2(b) does not permit the voluntariness
of a plea to be raised on appeal, unless the trial court has granted permission for an appeal). Accordingly, we conclude that
this Court does not have jurisdiction to address appellant's claim that his guilty plea was involuntarily made.

We dismiss this appeal for want of jurisdiction.



FEDERICO G. HINOJOSA

Justice




Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

28th day of March, 2002.

1. Tex. Pen. Code Ann. § 22.04(a)(3) (Vernon Supp. 2002).