NO. 07-01-0492-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JUNE 28, 2002


______________________________



TROY LEE DON HARMS
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 34,541-E; HON. ABE LOPEZ, PRESIDING


_______________________________



Before QUINN, REAVIS, and JOHNSON, JJ.

 Troy Lee Don Harms (appellant) appeals from a judgment revoking his community
supervision and adjudicating him guilty of aggravated robbery. We affirm.

 Pursuant to a plea bargain, on March 13, 1995, appellant entered a plea of guilty
to a charge of aggravated robbery. The trial court deferred a finding of guilt and placed
appellant on 10 years community supervision. On November 15, 2001, the State filed a
motion to proceed with the adjudication of guilt on the original charge to which appellant
plead true. The trial court found that appellant had violated the terms of his community
supervision, revoked that supervision, adjudicated him guilty of aggravated robbery, and
sentenced him to 15 years imprisonment. Appellant timely noticed his appeal and counsel
was appointed. The latter moved to withdraw after filing a brief pursuant to Anders v.
California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967) and representing that he
had searched the record and found no arguable grounds for reversal. The motion and brief
illustrated that appellant was informed of his rights to review the appellate record and file
his own brief. So too did we inform appellant that any brief he cared to file had to be filed
by June 27, 2002. To date, appellant has filed no brief. 

 After conducting an independent review of the record, we find no reversible error. 
Appellant represented to the court via the plea admonishment papers he signed that he
was 1) properly indicted, 2) represented by legal counsel, and 3) mentally competent when
he entered his plea. Moreover, no appeal was taken within 30 days from the date of
appellant's guilty plea complaining of error occurring at that time. Thus, we have no
jurisdiction over any purported error arising from or prior to the plea hearing. Manuel v.
State, 944 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); See Cooper v. State, 45 S.W.3d
77, 83 (Tex. Crim. App. 2001). Finally, appellant plead true to the allegations contained
in the motion to adjudicate guilt, and the punishment levied was within the range provided
by statute.

 Accordingly, counsel's motion to withdraw is granted and the judgment of the trial
court is affirmed. 

 Brian Quinn 

 Justice 

 

 

Do not publish. 


                                                                                     Justice