NO. 07-01-0492-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 28, 2002
_____

TROY LEE DON HARMS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 34,541-E; HON. ABE LOPEZ, PRESIDING
_____

Before QUINN, REAVIS, and JOHNSON, JJ.

Troy Lee Don Harms (appellant) appeals from a judgment revoking his community supervision and adjudicating him guilty of aggravated robbery. We affirm.

Pursuant to a plea bargain, on March 13, 1995, appellant entered a plea of guilty to a charge of aggravated robbery. The trial court deferred a finding of guilt and placed appellant on 10 years community supervision. On November 15, 2001, the State filed a motion to proceed with the adjudication of guilt on the original charge to which appellant plead true. The trial court found that appellant had violated the terms of his community supervision, revoked that supervision, adjudicated him guilty of aggravated robbery, and

sentenced him to 15 years imprisonment. Appellant timely noticed his appeal and counsel was appointed. The latter moved to withdraw after filing a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967) and representing that he had searched the record and found no arguable grounds for reversal. The motion and brief illustrated that appellant was informed of his rights to review the appellate record and file his own brief. So too did we inform appellant that any brief he cared to file had to be filed by June 27, 2002. To date, appellant has filed no brief.

After conducting an independent review of the record, we find no reversible error. Appellant represented to the court via the plea admonishment papers he signed that he was 1) properly indicted, 2) represented by legal counsel, and 3) mentally competent when he entered his plea. Moreover, no appeal was taken within 30 days from the date of appellant's guilty plea complaining of error occurring at that time. Thus, we have no jurisdiction over any purported error arising from or prior to the plea hearing. *Manuel v. State,* 944 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); *See Cooper v. State,* 45 S.W.3d 77, 83 (Tex. Crim. App. 2001)*.* Finally, appellant plead true to the allegations contained in the motion to adjudicate guilt, and the punishment levied was within the range provided by statute.

Accordingly, counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.

Brian Quinn
Justice

Do not publish.