NO. 07-02-0289-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 13, 2002

_____

LARRY KEITH MATHEWS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 252ND CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 79802; HON. LEONARD J. GIBLIN, JR., PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[*]

Larry Keith Mathews (appellant) appeals from a judgment adjudicating him guilty of aggravated robbery. We affirm.

Appellant pled guilty, without a recommendation for punishment, to the trial court. After the trial court admonished appellant concerning his plea of guilty, it then placed him on deferred adjudication for 10 years. Subsequently, the State moved the court to

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

adjudicate appellant guilty of aggravated robbery, which the court did, and upon completion of a pre-sentence investigation report sentenced appellant to ten years in prison.

Appellant timely noticed his appeal, and counsel was appointed. Appellant's counsel then moved to withdraw, after filing a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that he had searched the record and found no arguable grounds for reversal. The motion and brief illustrated that appellant was informed of his rights to review the appellate record and file his own brief. So too did we inform appellant that any pro se response or brief he cared to file had to be filed by October 31, 2002. To date, appellant has filed no pro se response or brief.

After conducting an independent review of the record, we find no reversible error. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Appellant represented to the court via the plea admonishment papers he signed that he was 1) properly indicted, 2) represented by legal counsel, and 3) mentally competent when he entered his plea. Moreover, no appeal was taken within 30 days from the date of appellant's guilty plea complaining of error occurring at that time. Thus, we have no jurisdiction over any purported error arising from or prior to the plea hearing. *Manuel v. State*, 944 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); *see Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001). Finally, appellant pled true to the allegations contained in the motion to adjudicate guilt, and the punishment levied was within the range provided by statute.

Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial court is affirmed.

Brian Quinn
Justice

Do not publish.

2