NO. 07-02-0289-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 13, 2002


______________________________



LARRY KEITH MATHEWS
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 252ND CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 79802; HON. LEONARD J. GIBLIN, JR., PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 Larry Keith Mathews (appellant) appeals from a judgment adjudicating him guilty of
aggravated robbery. We affirm. 

 Appellant pled guilty, without a recommendation for punishment, to the trial court.
After the trial court admonished appellant concerning his plea of guilty, it then placed him
on deferred adjudication for 10 years. Subsequently, the State moved the court to
adjudicate appellant guilty of aggravated robbery, which the court did, and upon completion
of a pre-sentence investigation report sentenced appellant to ten years in prison.

 Appellant timely noticed his appeal, and counsel was appointed. Appellant's
counsel then moved to withdraw, after filing a brief pursuant to Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that he had searched
the record and found no arguable grounds for reversal. The motion and brief illustrated
that appellant was informed of his rights to review the appellate record and file his own
brief. So too did we inform appellant that any pro se response or brief he cared to file had
to be filed by October 31, 2002. To date, appellant has filed no pro se response or brief. 

 After conducting an independent review of the record, we find no reversible error.
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Appellant represented
to the court via the plea admonishment papers he signed that he was 1) properly indicted,
2) represented by legal counsel, and 3) mentally competent when he entered his plea. 
Moreover, no appeal was taken within 30 days from the date of appellant's guilty plea
complaining of error occurring at that time. Thus, we have no jurisdiction over any
purported error arising from or prior to the plea hearing. Manuel v. State, 944 S.W.2d 658,
661-62 (Tex. Crim. App. 1999); see Cooper v. State, 45 S.W.3d 77, 83 (Tex. Crim. App.
2001). Finally, appellant pled true to the allegations contained in the motion to adjudicate
guilt, and the punishment levied was within the range provided by statute.

 Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial
court is affirmed.

 Brian Quinn

 Justice

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2002). 



 we reform the judgment by removing
paragraph 7(d) (involving Washington's alleged failure to comply with a court order) as a
ground warranting termination and affirm the order as modified. So too do we grant
counsel's motion to withdraw.


 Brian Quinn 

 Chief Justice 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. The trial court appointed appellate counsel to represent Washington via the directives contained in
the Texas Family Code. Tex. Fam. Code Ann. §107.013 (Vernon Supp. 2006) (stating that an indigent parent
is entitled to appointed counsel in proceedings to terminate the parent/child relationship). 
3. The issue is with respect to the trial court's extension of the termination suit one day after the
statutory deadline. See Tex. Fam. Code Ann. §263.401(Vernon Supp. 2006). However, the State non-suited
the lawsuit against Washington before any adjudication of his rights making the issue moot.
4. The trial court's decision may be affirmed if the evidence supports the existence of one statutory
ground assuming that the State also proved that termination was in the best interest of the child. In re A.V.,
113 S.W.3d 355, 362 (Tex. 2003).