NO. 07-02-0196-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 20, 2002
_____

ABEL GARCIA SANCHEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A13486-9908; HON. JACK R. MILLER, PRESIDING
_____

Before QUINN, REAVIS and JOHNSON, JJ.

Abel Garcia Sanchez (appellant) appeals his conviction for burglary of a habitation and from a final judgment revoking his probation. Originally, appellant pled guilty and, pursuant to a plea agreement, was sentenced to seven years imprisonment. However, the sentence was suspended, and appellant was placed on seven years probation. Subsequently, the State filed a motion to revoke probation, and appellant pled true to various grounds which the State asserted as allegedly justifying the revocation. The trial court granted the motion, revoked appellant's probation, and reduced his sentence to five years in prison. Appellant timely noticed his appeal, and counsel was appointed.

Appellant's counsel then moved to withdraw, after filing a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and representing that he had searched the record and found no arguable grounds for reversal. The motion and brief illustrated that appellant was informed of his rights to review the appellate record and file his own brief. So too did we inform appellant that any *pro se* response or brief he cared to file had to be filed by November 8, 2002. To date, appellant has filed no *pro se* response or brief.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed two potential areas for appeal which were founded upon 1) the involuntariness of appellant's plea and 2) ineffective assistance of counsel. However, appellate counsel then satisfactorily explained why the arguments lacked merit.

After conducting an independent review of the record, we find no reversible error. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Appellant represented to the court via the plea admonishment papers that he was 1) properly indicted, 2) represented by legal counsel, and 3) mentally competent when he entered his plea. Moreover, no appeal was taken within 30 days from the date of appellant's guilty plea complaining of error occurring at that time. Thus, we have no jurisdiction over any purported error arising from or prior to the plea hearing. *Manuel v. State*, 944 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); *see Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001). So too does the appellate record contain evidence 1) substantiating his guilt, 2) indicating that his guilty plea was knowing and voluntary, and 3) supporting the decision

to revoke probation.  Finally, the punishment levied was within the range provided by statute and agreed to by the parties.

Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial court is affirmed.

Brian Quinn<br>
Justice

Do not publish.