NO. 07-02-0316-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 12, 2002

_____

CINDY MARIE CAYNOR,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 43,704-E; HON. ABE LOPEZ, PRESIDING
_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

Cindy Marie Caynor (appellant) appeals from a judgment revoking her community supervision and adjudicating her guilty of aggravated assault against a public servant. We affirm.

Pursuant to a plea bargain, appellant entered a plea of guilty to the above referenced charge. The trial court deferred a finding of guilt and placed appellant on ten years community supervision. Subsequently, the State filed a motion to proceed with the adjudication of guilt on the original charge to which appellant plead true to seven of the

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

nine allegations contained in the motion. The trial court found that appellant had violated the terms of her community supervision, revoked that supervision, adjudicated her guilty of aggravated robbery, and sentenced her to ten years imprisonment. Appellant timely noticed her appeal and counsel was appointed. The latter moved to withdraw after filing a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and representing that she had searched the record and found no arguable grounds for reversal. The motion and brief illustrated that appellant was informed of her rights to review the appellate record and file her own brief. So too did we inform appellant that any brief she cared to file had to be filed by December 8, 2002. To date, appellant has filed no brief.

After conducting an independent review of the record, we find no reversible error. Appellant represented to the court via the plea admonishment papers she signed that she was 1) properly indicted, 2) represented by legal counsel, and 3) mentally competent when she entered her plea. Moreover, no appeal was taken within 30 days from the date of appellant's guilty plea complaining of error occurring at that time. Thus, we have no jurisdiction over any purported error arising from or prior to the plea hearing. *Manuel v. State*, 944 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); *see Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001). Finally, appellant plead true to seven of the nine allegations contained in the motion to adjudicate guilt, and the punishment levied was within the range provided by statute.

Accordingly, counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.

Brian Quinn

Do not publish.                                              Justice