NUMBER 13-01-348-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI-EDINBURG

 



FREJUS FELDER, Appellant,



v.




THE STATE OF TEXAS, Appellee.

 

On appeal from the 252nd District Court of Jefferson County, Texas.

 

MEMORANDUM OPINION


Before Justices Hinojosa, Yañez, and Garza

Opinion by Justice Garza




 Appellant, Frejus Felder, challenges both the judgment and sentence imposed against him for the offense of forgery by
passing. (1) We affirm.

 Appellant raises three issues on appeal, contending that the trial court erred in entering the judgment and sentence against
him because: (1) his guilty plea was involuntary in that it was not done knowingly; (2) Texas Penal Code Section 32.21
violates the Due Process Clause of the Fourteenth Amendment because it is indefinite, vague and uncertain; and (3) Texas
Penal Code Section 32.21 violates Article III, Section 35(a) of the Texas Constitution.

 We do not have jurisdiction to review any of the issues raised by appellant. Texas Rule of Appellate Procedure 25.2 states
in pertinent part:

In a plea bargain case - that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not
exceed the punishment recommended by the prosecutor and agreed to by the defendant - a defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial; or 

(B) after getting the trial court's permission. 



Tex. R. App. P. 25.2(a)(2). Felder's appeal does not meet these requirements. 

 At the outset, we note that appellant pled guilty to forgery pursuant to a plea agreement under which the prosecution
promised to recommend a sentence of fourteen months confinement. After accepting the guilty plea, the trial court
sentenced appellant to fourteen months confinement. Consequently, Rule 25.2(a)(2)(A) limits Felder's appealable issues to
"those matters that were raised by written motion filed and ruled on before trial." Additionally, however, Rule 25.2(a)(2)(B)
allows Felder to appeal any issue "after getting the trial court's permission." Because Felder has submitted no evidence
indicating that the trial court has given him permission to challenge his forgery conviction, he may appeal only those
matters that were raised by written motion filed and ruled on before trial. None of Felder's issues on appeal fit that
description. We are consequently without jurisdiction to decide them. See, e.g., Cooper v. State, 45 S.W.3d 77, 83 (Tex.
Crim. App. 2001) (holding that former Rule 25.2 does not allow an appellant to raise the voluntariness of a plea where it
arose from a plea agreement and the issue was not raised by written motion prior to trial).

 Accordingly, we dismiss this appeal for want of jurisdiction. 

 

_________________________

DORI CONTRERAS GARZA

Justice



Do not publish.

Tex.R.App.P. 47.2(b)

Opinion delivered and filed

this 22nd day of May, 2003.

 

 

1. See Texas Penal Code Section 32.21. (Vernon 2003).