NUMBER
13-01-309-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                       CORPUS CHRISTI- EDINBURG

 

 

HENRY WILLIAMS,                                                             Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                       Appellee.

 

 

      On appeal from the
24th District Court of Victoria County, Texas.

 

 

                                   O P I N I O N

 

          Before Chief Justice Valdez and
Justices Yañez and Castillo

                                   Opinion by
Justice Yañez

 

 








Appellant, Henry Williams, pled no contest to a felony charge of assault
on a public servant.  Pursuant to a plea
agreement, appellant was sentenced to five years in state jail and ordered to
pay court costs.  In exchange, the State
agreed to dismiss a retaliation complaint pending against him and to the
sentence to be assessed.  In the only
point of error raised, appellant argues that the trial court forced him to
waive his right to appeal, contending that waiver of his right to appeal was
not a term of his plea agreement.  We
dismiss for lack of jurisdiction.

This case arises from a plea-bargain agreement, and thus, the first
question that confronts us is whether we have jurisdiction to review the claim
before us.  See Yarbrough v. State, 57
S.W.3d 611, 615 (Tex. App.BTexarkana 2001, pet. ref=d) (appellate court has
the obligation to determine its own jurisdiction).  Texas Rule of Appellate Procedure 25.2(b)(3) states, in pertinent part, 

. . . if the appeal is
from a judgment rendered on the defendant=s plea of guilty or nolo
contendere under Code of Criminal Procedure article 1.15, and the punishment
assessed did not exceed the punishment recommended by the prosecutor and agreed
to by the defendant, the notice must:       

 

(A)  specify that the
appeal is for a jurisdictional defect;

 

(B)  specify that the
substance of the appeal was raised by written motion

       and ruled on
before trial; or

 

(C)  state
that the trial court granted permission to appeal.  

Tex. R. App. P. 25.2(b)(3).

Appellant contends that his plea was involuntary because the trial court
forced him to waive his right to appeal, which constituted an additional term
to the plea bargain agreement.  The Texas
Court of Criminal Appeals has held that when an appellant fails to comply with
the notice requirements of rule 25.2(b)(3), the court
of appeals lacks jurisdiction to consider the appeal, even for voluntariness
issues.  Cooper v. State, 45
S.W.3d 77, 81 (Tex. Crim. App. 2001).








Because the punishment assessed did not exceed the punishment
recommended by the prosecutor and agreed to by appellant, we must consider
whether appellant=s notice of appeal is
sufficient to confer jurisdiction on this Court.  The record shows that appellant filed only a pro
se general notice of appeal.  The
notice failed to specify that the appeal was for a jurisdictional defect, or an
appeal from a ruling on a pre-trial motion, or that the trial court granted
appellant permission to appeal. 
Moreover, the record does not reflect that appellant obtained the trial
court=s permission to
appeal.   Hence, the notice of appeal
does not comply with the specific requirements of rule 25.2(b)(3).  

  Accordingly, we conclude that
because the notice of appeal did not comply with rule 25.2(b)(3),
this Court does not have jurisdiction to address the merits of this case. 

We dismiss this appeal for want of jurisdiction.

 

 

                                                     


LINDA REYNA
YAÑEZ

Justice

 

 

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this
the

15th day of
August, 2002.