NO. 07-02-0241-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 11, 2002
_____

JUSTIN JAY SHEPHERD,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 44331-A; HON. DAVID GLEASON, PRESIDING
_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

Pending before the court is Justin Jay Shepherd's (appellant) motion for extension of time to file his brief. Accompanying the motion was the brief itself. We grant the motion and file the brief as of the date received. However, we dismiss the appeal for the want of jurisdiction.

Pursuant to a plea agreement, appellant was convicted of burglary of a habitation with intent to commit another felony. The punishment assessed by the court did not

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2002).

exceed the terms of the plea bargain.  Thereafter, appellant filed a *pro se* general notice of appeal wherein he stated that he was "ignorant" of the law and "was misrepresented by counsel."  Omitted from the notice, however, was either the statement that the court granted permission to appeal, that the substance of the appeal involved matters raised by written motion before trial, or that the appeal "is for jurisdictional defects" as required by Texas Rule of Appellate Procedure 25.2(b)(3).  Nor did the appellant's subsequent notice of appeal contain like statements.  Consequently, we lack jurisdiction to entertain the proceeding, *Cooper v. State*, 45 S.W.3d 77 (Tex. Crim. App. 2001), and dismiss the appeal for want of jurisdiction.

Per Curiam

Do Not Publish.