COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

BRAD LEON TREADGILL,                                 )

                                                                              )              
No.  08-04-00188-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
248th District Court

THE STATE OF TEXAS,                                     )

                                                                              )             
of Harris County, Texas

Appellee.                           )

                                                                              )                     (TC# 965585)

                                                                              )

 

 

MEMORANDUM  OPINION

 

Appellant Brad
Leon Threadgill attempts to appeal a conviction for driving while intoxicated,
third degree felony.  Appellant plead
guilty to the offense, and in accordance with his plea agreement, the trial
court sentenced Appellant to 15 years=
imprisonment in the Institutional Division of the Texas Department of Criminal
Justice.  Finding that Appellant has no
right of appeal, we dismiss the appeal.

Rule 25.2(a)(2) governs the
defendant=s right
to appeal in a criminal case:

 

A defendant in a criminal case has the
right of appeal under Code of Criminal Procedure article 44.02 and these
rules.  The trial court shall enter a
certification of the defendant=s
right of appeal in every case in which it enters a judgment of guilt or other
appealable order.  In a plea bargain
case--that is, a case in which  defendant=s plea of guilty or nolo contendere and
the punishment did not exceed the punishment recommended by the prosecutor and
agreed to by the defendant--a defendant may appeal only:

 








(A)       those matters that were raised by written
motion filed and ruled on before trial, or

 

(B)       after getting the trial court=s permission to appeal.

 

Tex.R.App.P.
25.2(a)(2).

Article 44.02 of
the Texas Code of Criminal Procedure provides:

A defendant in any
criminal action has the right of appeal under the rules hereinafter prescribed,
provided, however, before the defendant who has been convicted upon either his
plea of guilty or plea of nolo contendere before the court and the court, upon
the election of the defendant, assesses punishment and the punishment does not
exceed the punishment recommended by the prosecutor and agreed to by the
defendant and his attorney may prosecute his appeal, he must have permission of
the trial court, except on those matters which have been raised by written
motion filed prior to trial.  This
article in no way affects appeals pursuant to Article 44.17 of this chapter.

 

Tex.Code
Crim.Proc.Ann. art. 44.02 (Vernon 1979).

Appellant timely
filed his pro se notice of appeal. 
On July 20, 2004, this clerk=s
office notified Appellant that the trial court has indicated in the court=s certification that this is a 

plea-bargain case and Appellant has
no right of appeal in this case and requested a response.  By letter brief dated July 28, 2004,
Appellant urges to the Court that he should be entitled to an appeal because he
was denied his right to counsel, his plea was involuntary, and the punishment
was harsher than that recommended in the plea bargain.








The clerk=s record contains Appellant=s guilty plea, which was signed by
Appellant, Appellant=s
trial counsel, the State prosecutor, and the trial judge.  The recommended punishment was 15 years= imprisonment.  The trial judge admonished Appellant in
writing and Appellant initialed the admonitions.  All parties signed the plea admonishments
document.  The trial court imposed a
punishment of fifteen years=
imprisonment in the Institutional Division, Texas Department of Criminal
Justice.  It appears that Appellant was
represented by counsel when he plead guilty and at the sentencing.  Appellant may not raise on direct appeal from
a felony conviction the voluntariness of his guilty plea.  See Cooper v. State, 45 S.W.3d 77, 83
(Tex.Crim.App. 2001).  The punishment
imposed did not exceed the punishment recommended by the State prosecutor and
agreed to by Appellant.  The trial court
certified that this is a 

plea-bargain case and the defendant
has no right of appeal.  The judgment
indicates that Appellant waived appeal and no permission to appeal was
granted.  After reviewing the clerk=s record, we conclude that it supports
the trial court=s
certification.  Because Appellant did not
receive the trial court=s
permission to appeal, Appellant has no right of appeal.  Accordingly, the appeal is dismissed.

 

September
16, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)