In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-04-00986-CR
          01-04-00987-CR
____________

JOSEPH IVORY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause Nos. 980498 and 978813



 
MEMORANDUM OPINION
               Appellant pleaded guilty to two separate offenses of aggravated robbery
and, in accordance with a plea bargain agreement, the trial court sentenced appellant
to confinement for 13 years in each case. Appellant filed a timely pro se notice of
appeal that included both cause numbers. We dismiss the appeals for lack of
jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Griffin v. State, No. 1092-03, passim (Tex. Crim. App.
Sept. 29, 2004) (designated for publication); Cooper v. State, 45 S.W.3d 77, 80 (Tex.
Crim. App. 2001); Tex. R. App. P. 25.2(a)(2).

               The trial court’s certifications of appellant’s right to appeal state that these
are plea-bargained cases and appellant has no right to appeal. The record supports
the certifications. We must dismiss an appeal if the trial court’s certification shows
there is no right to appeal. See Tex. R. App. P. 25.2(d).

               Accordingly, we dismiss the appeals for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Jennings, and Bland. 

Do not publish. Tex. R. App. P. 47.2(b).