In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00721-CR
____________

EDWARD C. HARRISON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 855238



 
MEMORANDUM OPINION
               Appellant pleaded no contest to the offense of possession of a firearm and,
in accordance with the plea bargain agreement, the State dismissed two enhancement
paragraphs and the trial court sentenced appellant to confinement for 10 years with
no affirmative finding of the use or exhibition of a deadly weapon. Appellant filed
a timely pro se notice of appeal. We dismiss for lack of jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Griffin v. State, No. 1092-03, passim (Tex. Crim. App.
Sept. 29, 2004) (designated for publication); Cooper v. State, 45 S.W.3d 77, 80 (Tex.
Crim. App. 2001); Tex. R. App. P. 25.2(a)(2).

               The trial court’s certification of appellant’s right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the certification. We must dismiss an appeal if the trial court’s certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

               Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).