In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-04-00901-CR
          01-04-00902-CR
____________

CURTIS JAMES BURTON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause Nos. 956385 and 956386



 
MEMORANDUM OPINION
               Appellant pleaded guilty to the offenses of possession of cocaine weighing
less than one gram (cause number 956835) and aggravated robbery (cause number
956836). In accordance with his plea bargain agreements with the State, the trial
court sentenced appellant to confinement in state jail for one year in the controlled
substance case and confinement for five years in the aggravated robbery case. 
Appellant filed a timely notice of appeal. We dismiss for lack of jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Griffin v. State, No. 1092-03, passim (Tex. Crim. App.
Sept. 29, 2004) (designated for publication); Cooper v. State, 45 S.W.3d 77, 80 (Tex.
Crim. App. 2001); Tex. R. App. P. 25.2(a)(2).

               The trial court’s certification of appellant’s right to appeal in each case
states that this is a plea-bargained case and appellant has no right to appeal. The
record supports the certifications. We must dismiss an appeal if the trial court’s
certification shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

               Accordingly, we dismiss the appeals for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Keyes and Alcala. 

Do not publish. Tex. R. App. P. 47.2(b).