In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00938-CR
____________

KAMBUI YORU NICHOLS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 962990



 
MEMORANDUM OPINION
               Appellant pleaded guilty to the offense of possession with intent to deliver
cocaine, weighing more than one gram and less than four grams. He also pleaded true
to the elements in an enhancement paragraph that he had a prior felony conviction. 
In accordance with appellant’s plea bargain agreement with the State, the trial court
sentenced appellant to confinement for five years. Appellant filed a timely pro se
notice of appeal. We dismiss for lack of jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Griffin v. State, No. 1092-03, passim (Tex. Crim. App.
Sept. 29, 2004) (designated for publication); Cooper v. State, 45 S.W.3d 77, 80 (Tex.
Crim. App. 2001); Tex. R. App. P. 25.2(a)(2).

               The trial court’s certification of appellant’s right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the certification. We must dismiss an appeal if the trial court’s certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

               Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Keyes and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).