In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-04-00722-CR
          01-04-00775-CR
____________

JOHNNY MATTHEW HERNANDEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 976122 and 988863



 
MEMORANDUM OPINION
               Appellant pleaded guilty in cause number 976122 to the offense of credit
card abuse and true to the allegations in two enhancement paragraphs that he had two
prior felony convictions. Appellant also pleaded guilty to tampering with physical
evidence in cause number 988863. In accordance with his plea bargain agreements
with the State, the trial court sentenced appellant to confinement for three years in
each case. Appellant filed a timely pro se notice of appeal that included both cause
numbers. We dismiss the appeals for lack of jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Griffin v. State, No. 1092-03, passim (Tex. Crim. App.
Sept. 29, 2004) (designated for publication); Cooper v. State, 45 S.W.3d 77, 80 (Tex.
Crim. App. 2001); Tex. R. App. P. 25.2(a)(2).

               The trial court’s certifications of appellant’s right to appeal in these cases
state that these are plea-bargained cases in which appellant has no right to appeal. 
The record supports the certifications. We must dismiss an appeal if the trial court’s
certification shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

               Accordingly, we dismiss the appeals for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Jennings, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).