In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00900-CR
____________

GENERAL LEE SIMMONS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 957865



 
MEMORANDUM OPINION
               Appellant pleaded guilty to the offense of evading arrest and, in accordance
with the plea bargain agreement, the trial court sentenced appellant to confinement
in state jail for one year. Appellant filed a timely pro se notice of appeal. We dismiss
for lack of jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Griffin v. State, No. 1092-03, passim (Tex. Crim. App.
Sept. 29, 2004) (designated for publication); Cooper v. State, 45 S.W.3d 77, 80 (Tex.
Crim. App. 2001); Tex. R. App. P. 25.2(a)(2).

               The trial court’s certification of appellant’s right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the certification. We must dismiss an appeal if the trial court’s certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

               Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Jennings, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).