COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARCOS RAUL ARREDONDO, | § | |
| | | No. 08-10-00142-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 409th District Court |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 20050D04168) |
| | § | |

## **MEMORANDUM OPINION**

Appellant, Marcos Arredondo, was indicted for three counts of indecency with a child. Pursuant to plea-bargain agreement with the State, Arredondo pleaded guilty in exchange for the State's recommendation of ten years' deferred adjudication. As part of the signed admonishments, Appellant was advised that if the trial court followed the plea agreement, he would have to obtain the court's permission before prosecuting an appeal on any matter except for those matters raised by written motion filed and heard prior to trial. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(3) (Vernon Supp. 2009). The trial court followed the plea agreement and sentenced Appellant to ten years' deferred adjudication.

Appellant now attempts to appeal his conviction, claiming that his plea was involuntary. However, the trial court's certification states that this was a plea-bargain case and Appellant has no right of appeal. Because Appellant is not appealing any pretrial matters ruled upon by the trial court but instead is attacking the voluntariness of his plea, he was required to first obtain the trial court's permission to raise such a complaint on appeal. *See* TEX. R. APP. P. 25.2(a)(2); *Cooper v. State*, 45

S.W.3d 77, 83 (Tex. Crim. App. 2001).  Because he did not, we lack jurisdiction to consider it.[1]

Accordingly, the appeal is dismissed.


GUADALUPE RIVERA, Justice

June 30, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)

---

[1] We previously asked the parties to address our jurisdiction over the appeal, and Appellant replied, conceding that we lack jurisdiction given the trial court's certification and the matters he seeks to raise on appeal.