

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-17-00271-CR

ADRON L. GRAY                                                      APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1482909D

----------

## MEMORANDUM OPINION[1]

----------

In accordance with a plea bargain, appellant Adron L. Gray pleaded guilty to assault and was placed on deferred-adjudication community supervision for two years. *See* Tex. Penal Code Ann. § 22.01(a)(1) (West Supp. 2016). Consistent with the plea, the "Trial Court's Certification of Defendant's Right of Appeal" shows that Gray's disposition resulted from a plea bargain and, further,

---

[1]*See* Tex. R. App. P. 47.4.

that Gray had no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). Despite that, Gray later filed a pro se notice of appeal.

On August 25, 2017, we informed Gray by clerk's letter that the trial court's certification showed that his appeal was from a plea-bargain case and that he had no right of appeal. *See id.* We further directed Gray or any other party desiring to continue the appeal to file a response showing grounds for continuing the appeal by September 5, 2017, or we might dismiss it. *See* Tex. R. App. P. 25.2(d), 44.3. On September 5, 2017, Gray filed an amended notice of appeal in which he effectively asserted that his guilty plea was involuntary for various reasons.

Gray's explanation does not provide grounds for continuing the appeal. Rule 25.2(a)(2) provides that in plea-bargain cases, such as this one, a defendant may appeal only those issues raised by written motion filed and ruled on before trial or those on which the trial court has granted permission. Tex. R. App. P. 25.2(a)(2). Absent the trial court's permission, appealing the voluntariness of a defendant's plea is prohibited. *See Cooper v. State*, 45 S.W.3d 77, 80–83 (Tex. Crim. App. 2001). Because Gray is not appealing an adverse ruling on a written pretrial motion and does not have the trial court's permission to appeal, he has not shown grounds for continuing the appeal.

In accordance with the trial court's certification, we thus dismiss the appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f).

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL: WALKER, KERR, AND PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 28, 2017