**In The**
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-25-00082-CR**

**MARCUS ANTHONY HAMILTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 23DCCR1175**

**MEMORANDUM OPINION**

On August 13, 2024, the trial court sentenced Marcus Anthony Hamilton on an indictment for possession of a controlled substance in Trial Cause Number 23DCCR1175. On March 7, 2025, acting pro se, Hamilton filed a notice of appeal.[1] The District Clerk then sent Hamilton's notice of appeal and the trial court's certification to the Ninth Court of Appeals. The trial court's certification, signed on

---

[1] We note that it appears Hamilton filed his notice of appeal too late to perfect an appeal. *See* Tex. R. App. P. 26.2, 26.3.

1

August 13, 2024, states that the case "is a plea-bargain case, and the defendant has NO right of appeal." The certification also states, "The defendant has waived the right of appeal[.]"

On March 18, 2025, we notified the parties that we would dismiss the appeal unless the appellant established that the trial court's certification was incorrect. Hamilton requested additional time to obtain a new certification. Hamilton filed the clerk's record and a supplemental clerk's record that contains the trial court's amended certification. The amended certification states that this "is a plea-bargain case, and the defendant has NO right of appeal[.]" The plea bargain agreement in the clerk's record confirms that the trial court's amended certification is correct.[2]

Because the record lacks a certification that shows Hamilton has the right of appeal, we dismiss the appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on June 3, 2025
Opinion Delivered June 4, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

---

[2] In a supplemental response, Hamilton asks this Court to remand the case to the trial court for a hearing regarding his claim that he received ineffective assistance of counsel that affected the voluntariness of his guilty plea. Voluntariness of the plea may not be raised on appeal from a plea-bargained, felony conviction. *Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001). Furthermore, Hamilton is not entitled to an out-of-time motion for new trial. *See Oldham v. State*, 977 S.W.2d 354, 359-60 (Tex. Crim. App. 1998).

2