

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00291-CR

---

**ROBERT WILLIAM ANTROBIUS II, APPELLANT**

V.

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 081902-E-CR, Honorable Douglas R. Woodburn, Presiding

---

November 12, 2025

## MEMORANDUM OPINION

**Before QUINN, C.J., and PARKER and YARBROUGH, JJ.**

Appellant, Robert William Antrobius II, was convicted by a jury of attempted aggravated sexual assault of a child.[1] Before sentencing, Appellant entered into a plea agreement with the State under which the State dismissed count one of his indictment, Appellant agreed to a sentence of seven years of confinement, and he executed a written waiver of his right of appeal. The trial court sentenced Appellant in accordance with the plea agreement and entered a certification of Appellant's right of appeal reflecting that

---

[1] *See* TEX. PENAL CODE § 22.021(a)(2)(B).

Appellant waived his right of appeal. Notwithstanding the certification, Appellant filed a notice of appeal challenging his conviction.

We are required by Rule of Appellate Procedure 25.2(d) to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." By letter of October 21, 2025, we notified Appellant of the consequences of the trial court's certification and directed him to show grounds for continuing the appeal.

In response, Appellant asserts that he was experiencing alcohol and nicotine withdrawal and lacked prescribed anxiety medication when he entered into the agreement. He, therefore, contends that the appeal should proceed on the issue of whether his plea and waiver were voluntary. However, the voluntariness of a plea agreement in a felony conviction cannot be raised on direct appeal. *See Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001) (holding that claims of involuntary pleas must be raised by procedures other than appeal, such as a motion for new trial or application for writ of habeas corpus). Accordingly, Appellant's claim of an involuntary plea does not confer a right of appeal or invalidate the trial court's certification. *See Brown v. State*, No. 04-18-00642-CR, 2018 Tex. App. LEXIS 9533, at *2 (Tex. App.—San Antonio Nov. 21, 2018, no pet.) (dismissing appeal based on trial court's certification where appellant alleged his plea was involuntary).

Because the trial court's certification comports with the record and confirms that Appellant waived his right of appeal, we dismiss the appeal pursuant to Rule of Appellate Procedure 25.2(d).

Per Curiam

Do not publish.