IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00086-CR

No.
10-03-00087-CR

No.
10-03-00088-CR

 

David Rasheed Ali,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 77th District Court

Limestone County, Texas

Trial Court Nos. 9564-A, 9565-A and 9566-A

 



MEMORANDUM 
Opinion



 

          David Rasheed Ali pleaded guilty to
aggravated robbery, criminal mischief causing damage to property valued at
$20,000 or more but less than $100,000, and arson.  Pursuant to a plea bargain, the court
sentenced Ali to twenty years’ imprisonment in each case.  Ali’s appointed counsel filed an Anders brief in each case.  Ali filed a pro se response contending: (1)
he was denied effective counsel; (2) his plea was made involuntarily; and (3)
prosecutorial misconduct.

          Because the record does not support
Ali’s contentions and because our independent review of the record reveals no
issues of arguable merit, we will affirm the judgment.

Ineffective Counsel

          Ali complains that he did not receive
effective assistance of counsel.  To
establish a claim of ineffective assistance of counsel, he must show that
counsel’s assistance fell below an objective standard of reasonableness and
that counsel’s deficient performance, if any, prejudiced the defendant.  Strickland
v. Washington, 466 U.S. 668, 687, 104
S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). 
The review of defense counsel’s representation is highly deferential and
presumes that counsel’s actions fell within a wide range of reasonable
professional assistance.  Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002).  When the record is silent as to
defense counsel’s subjective motivations, we will ordinarily presume that the
challenged action might be considered sound trial strategy.  Rylander
v. State, 101 S.W.3d 107, 110 (Tex. Crim. App.
2003).  There is no record of Ali’s trial
counsel’s strategy or motivations for the actions of which Ali complains.  He has not overcome the presumption that
counsel’s actions might be considered sound trial strategy.  Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim.
App. 1991).

          We find no issue of arguable merit
based on the current state of the record.

Involuntary Plea

          Ali contends that his guilty plea was
involuntary.  Ali perfected this appeal
in February 2002.  Therefore, his appeal
is governed by former Rule of Appellate Procedure 25.2(b)(3).  Tex.
R. App. P. 25.2(b)(3), 948-949 S.W.2d (Tex. Cases) xcvi (Tex. Crim. App.
1997, amended 2002).  Rule 25.2 does not
permit the issue of voluntariness of the plea to be raised on appeal.  Cooper
v. State, 45 S.W.3d 77, 83 (Tex. Crim. App.
2001).

Prosecutorial Misconduct

          None of the conduct of which Ali
complains appears in the record.  The
record does not reveal any prosecutorial misconduct or any objection to such
misconduct.

CONCLUSION

          Finding no issue of arguable merit, we
affirm the judgment.

 

 

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed

Opinion
delivered and filed December 8,
 2004

Do not publish

[CR25]