NO. 07-06-0115-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 12, 2006



______________________________




BENNIE GOMEZ, 


 

 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

.



_________________________________



FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;



NO. 4169; HON. FELIX KLEIN, PRESIDING



_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ. 

 Bennie Gomez (appellant) appeals his conviction for Driving While Intoxicated. 
Pursuant to a plea agreement, the trial court assessed punishment at seven years in
prison. The certification of appeal executed by the trial court does not disclose that he has
the right of appeal; rather it states that he has no right of appeal. By letter dated June 5,
2006, this court notified appellant of this circumstance and that the appeal was subject to
dismissal. The court also requested that he either supply us with an amended certification
illustrating that he has a right to appeal or inform us why we should continue the appeal,
by June 15, 2006. By letter filed June 6, 2006, appellant contends that pursuant to Cooper
v State, 45 S.W.3d 77 (Tex. Crim. App. 2001), he has a right to appeal the voluntariness
of his plea which was the subject of his motion for new trial. We disagree and find Cooper
inapposite. Cooper does not permit the voluntariness of the plea to be raised on appeal
when the special notice requirements in plea bargain cases have not been met. Id. at 83. 
Therefore, we dismiss the appeal. See Tex. R. App. P. 25.2(d) (requiring that the appeal
be dismissed if a certification that shows that the defendant has a right of appeal has not
been made part of the record). 

 Accordingly, the appeal is dismissed. 


 Brian Quinn Chief Justice



Do not publish.



 Trial was had, and judgment was entered
denying Devon relief. The two issues before us concern the valuation of minerals by Terry
District for ad valorem taxation and the trial court's refusal to award Devon attorney's fees. 
We affirm the judgment of the trial court.

 This appeal is a companion to that assigned cause number 07-04-0005-CV. 
Furthermore, we issued our opinion in cause number 07-04-0005-CV on even date. The
opinion, its discussion of the applicable law, and its application of that law control the
outcome here. Furthermore, because the record at bar disclosed that Terry District's
appraisals comported with the authority and analysis discussed in our opinion in 07-04-0005-CV, we overrule each issue raised by Devon.

 Accordingly, we affirm the judgment of the trial court.


 Per Curiam 

1. Devon's predecessor-in-interest was PennzEnergy.