COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NOS.
2-06-401-CR

                                                2-06-402-CR

 

 

GRANT MITCHELL                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








On October 27, 2006,
appellant Grant Mitchell pled guilty to aggravated assault with a deadly weapon
and assault of a public servant.  See
Tex. Penal Code Ann. '' 22.01(a), (b)(1), 22.02(a)(2) (Vernon Supp. 2006).  Pursuant to plea agreements, the trial court
sentenced him to eight years= confinement in each case, with the sentences to run
concurrently.  On November 13, 2006, the
trial court entered its certifications of defendant=s right to appeal in accordance with rule 25.2(a)(2).  Tex.
R. App. P. 25.2(a)(2).  The
certification in each case states that the case Ais a plea-bargain case, and the defendant has NO right of appeal.@

On November 20, 2006, we
notified appellant that the certifications indicating that he had no right to
appeal had been filed in this court and that these appeals would be dismissed
unless appellant or any party desiring to continue the appeals filed a response
showing grounds for continuing the appeals. 
See Tex. R. App. P.
25.2(a)(2), (d), 44.3.  We received a
response from appellant=s counsel
that does not show grounds for continuing the appeals.

Therefore, in accordance with
the trial court=s
certifications, we dismiss the appeals.  See
Tex. R. App. P. 25.2(a)(2),
43.2(f); Cooper v. State, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001).

 

PER CURIAM

 

PANEL D:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
December 21, 2006











[1]See Tex.
R. App. P. 47.4.