In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00101-CR


______________________________




LESTER BAXTER STARNES, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 20925




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 A jury found Lester Baxter Starnes guilty in a single trial of three charges of aggravated
sexual assault of a child and three charges of indecency with a child. This appeal concerns Starnes's
convictions in trial court cause number 20925. All three causes were appealed separately, but were
briefed together on appeal by both Starnes and the State. (1) Starnes raises the same issues in each
appeal.

 Since the briefs and arguments raised in each appeal are identical, for the reasons stated in
Starnes v. State, cause number 06-06-00099-CR, we likewise conclude Starnes has presented this
Court with no reversible error and affirm the trial court's judgment.



 Bailey C. Moseley

 Justice


Date Submitted: January 24, 2007

Date Decided: April 26, 2007


Do Not Publish
1. The other appeals concern trial court cause numbers 20923 and 20924. 



R WP="BR2">
 (2) A defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 and these rules. The trial court shall enter a certification of
the defendant's right of appeal in every case in which it enters a judgment of guilt or
other appealable order. In a plea bargain case-that is, a case in which a defendant's
plea was guilty or nolo contendere and the punishment did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant-a
defendant may appeal only: 

 (A) those matters that were raised by written motion filed and ruled on before
trial, or 

 (B) after getting the trial court's permission to appeal. 


Tex. R. App. P. 25.2(a).
2. A plea agreement rests on the basis that it and the resulting guilty plea are voluntarily and
understandably made; an involuntary plea, however, may be raised by a motion for new trial and
habeas corpus, but not on appeal. Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001).
3. We have jurisdiction to determine whether we have jurisdiction. Olivo v. State, 918 S.W.2d
519, 523 (Tex. Crim. App. 1996).