Opinion issued July 29,
2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00047-CR

———————————

SHERMAN KERMIT PHILLIPS, Appellant

V.

THE STATE OF
TEXAS, Appellee



 



 

On Appeal from the 262nd District
Court

Harris County, Texas

Trial Court Case No. 1193813



 



 

MEMORANDUM OPINION

          Pursuant
to a plea-bargain agreement with the State, appellant, Sherman Kermit Phillips,
pleaded guilty to the offense of possession with intent to deliver a controlled
substance, namely, cocaine weighing more than 4 grams and less than 200 grams.[1]  The trial court followed the plea agreement
and sentenced appellant to 15 years in prison.  The trial court signed a “Certification of
Defendant’s Right of Appeal” in which it indicated that appellant had no right
of appeal because this is a plea-bargained case.  See Tex. R. App. P. 25.2(a)(2).

          Less than 30 days later, appellant filed
a pro se motion to withdraw his plea.  Appellant
asserted that his plea had been involuntary because he suffers from mental
illness, was without his medication, and had misunderstood the plea agreement.  The trial court denied the motion.  Several days later, appellant filed a notice
of appeal.  

          On appeal, the State contends that
this Court lacks jurisdiction over the appeal. 
We agree.  

          In a plea bargain case—that is, a case
in which a defendant’s plea was guilty or nolo contendere and the punishment
did not exceed the punishment recommended by the prosecutor and agreed to by
the defendant—a defendant may appeal only:

(A)   those matters that were
raised by written motion and ruled on before trial; or

 

(B) after getting the trial court’s permission to
appeal.

 

Tex. R. App. P. 25.2(a)(2)(A), (B).  The Court of Criminal Appeals has held that
the voluntariness of a guilty plea may not be raised on appeal following a plea
bargain agreement.  See Cooper v. State, 45 S.W.3d 77, 81, 83 (Tex. Crim. App. 2001).  The Court indicated that the proper avenue for
attacking the voluntariness of a negotiated plea is by application for writ of
habeas corpus.  See id. at 82–83.

In this
case, the record reflects that appellant pleaded guilty to the charged offense.  It further reflects that the trial court
assessed the punishment recommended by the State and to which appellant had
agreed.  See Tex. R. App. P.
25.2(a)(2).  Appellant does not complain
about the trial court’s ruling on a pretrial motion, nor does he have the trial
court’s permission to appeal.  See id.  Instead, although phrased in terms of the
trial court’s denial of his motion to withdraw his plea, and its failure to
hold a hearing on the motion, the basis of appellant’s appeal is his claim that
his guilty plea was involuntary.  A
voluntariness-of-a-plea challenge may not be brought on direct appeal from a
plea-bargained felony conviction.  See Cooper, 45 S.W.3d at 81, 83.  Therefore, we conclude that we lack
jurisdiction over the appeal.

We dismiss
the appeal for lack of jurisdiction.

PER
CURIAM

Panel consists of Justices Keyes, Higley, and Hanks.

 

Do not publish.   Tex. R.
App. P. 47.2(b).











[1]           See
Tex. Health & Safety Code Ann.
§§ 481.102(3)(D), 481.112(d) (Vernon 2010).