**Opinion issued October 20, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00835-CR

_____

**EUCEBIO HERNANDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Case No. 1406940

## MEMORANDUM OPINION

Pursuant to an agreed punishment recommendation from the State, appellant,

Eucebio Hernandez, pleaded guilty to the felony offense of aggravated assault with

a deadly weapon and "true" to the allegations in an enhancement paragraph.[1] The trial court accepted the plea agreement, assessed appellant's punishment at confinement for twenty-five years, and certified that this is a plea-bargained case and he has no right of appeal. Appellant filed a *pro se* notice of appeal. We dismiss the appeal.

In a plea-bargained case, a defendant may appeal only those matters that were raised by written motion and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has a right of appeal has not been made part of the record. TEX. APP. P. 25.2(d).

Here, the trial court's certification is included in the record and states that this is a plea-bargained case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for

---

[1] *See* TEX. PENAL CODE ANN. § 22.02 (West 2011).

the appeal."); *see also Cooper v. State*, 45 S.W.3d 77, 77–82 (Tex. Crim. App. 2001) (holding voluntariness of guilty plea may not be contested on direct appeal following plea-bargain agreement).

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Lloyd.
Do not publish.   TEX. R. APP. P. 47.2(b).