**Opinion issued December 3, 2015**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-14-00876-CR

—————————————

## RANDY GRIFFIN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 208th District Court
### Harris County, Texas
### Trial Court Case No. 1442001

---

### MEMORANDUM OPINION

Pursuant to an agreement with the State, appellant, Randy Griffin, pleaded

guilty to the felony offense of tampering with a governmental record.[1] The trial

---

[1]    *See* TEX. PENAL CODE ANN. § 37.10(a)(2), (c)(2)(A) (Vernon 2011).

court accepted the plea agreement, assessed appellant's punishment at confinement for two years, and certified that this is a plea-bargained case and he has no right of appeal. We dismiss the appeal.

In a plea-bargained case, a defendant may appeal only those matters that were raised by written motion and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art 44.02 (Vernon 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has a right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record and states that this is a plea-bargained case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see also Cooper v. State*, 45 S.W.3d 77, 77–82 (Tex. Crim. App. 2001) (holding voluntariness of guilty plea may not be contested on direct appeal following plea-bargain agreement).

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Keyes, and Bland.

Do not publish.   TEX. R. APP. P. 47.2(b).