

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00399-CR

———————————————

TERRY LEE MORRIS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1614716R

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Terry Lee Morris filed a pro se notice of appeal, acknowledging that his guilty plea was "entered pursuant to the provisions of Article 1.15 of the Code of Criminal Pro[c]edure[] and that the punishment assessed does not . . . exceed that recommended by the Prosecutor and agreed to by the Defendant" but argues that his plea was "obtained by coercion of counsel." The trial court certification states that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2), (d). The trial court's judgment, which sets forth the terms of the plea, supports the certification.

We informed Appellant of our concern that we lack jurisdiction over this appeal based on the trial court's certification. We gave Appellant the opportunity to file a response, which he did, but it does not show grounds for continuing this appeal.[1]

Accordingly, because the trial court's certification indicates that Appellant has no right of appeal, we must dismiss this appeal. *See* Tex. R. App. P. 25.2(a)(2), (d), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *see also Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001) (holding that right of appeal in plea-bargained cases set forth in Article 44.02 of the Code of Criminal Procedure excludes complaint that plea was involuntary).

---

[1]In his response, Appellant requests that this court appoint counsel to assist him with filing his brief. We deny the request as moot.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 13, 2020